## Hurt v. The State.

CHANGE OF VENUE.—In a criminal case transferred by change of venue from the Common Pleas to the Circuit Court, it is sufficient if the affidavit and information are filed with the transcript from the Common Pleas, without being copied into it.

LARCENY.—An information filed in the *Wells* Common Pleas charged a larceny to have been committed by the defendant in the county of *Allen*, and that he brought the stolen property into *Wells* county.

*Held*, that the information, though informal, was sufficient under the code.

CHANGE OF VENUE.—Where a criminal cause is transferred by change of venue from the Common Pleas to the Circuit Court, the trial proceeds upon the information and an indictment need not be found.

AFFIDAVIT FOR A CONTINUANCE.—In a prosecution for a felony it is error to refuse a motion for a continuance supported by a sufficient affidavit.

APPEAL from the *Wells* Circuit Court.

FRAZER, J.—The defendant was prosecuted by information in the Court of Common Pleas for larceny, and the venue changed to the Circuit Court.

An objection is made to the jurisdiction of the latter court upon the ground that the affidavit and information were not copied into the transcript of the proceedings of the Court of Common Pleas which was transmitted to the Circuit Court. They were filed with that transcript, as is shown by the return to the certiorari. This was sufficient. We so held in a civil case at the last term, and the requirements of the statute in criminal cases are substantially the same as in civil cases. *Smith* v. *Jeffries*, 25 Ind. 376.

The information sufficiently shows the necessary facts to give jurisdiction of the case to the Common Pleas.

The information charges a larceny by the defendant, committed in the county of *Allen*, and that he brought the stolen property into *Wells* county. It is urged that this is not a charge of a larceny committed in the latter county. Not at all approving of the form of this indictment, which should have directly charged a larceny in *Wells*, yet we cannot, under the code, hold it bad. Each removal of the property by the thief into another jurisdiction, was at common law held to be a fresh taking, and therefore a new larceny. The averment in this case of such removal was, it is true, an allegation of the evidence. But it was conclusive. It could not possibly be true without resulting in the defendant's guilt. It was, therefore, necessarily the equivalent of a direct charge of larceny. It is also claimed that, upon the removal of the cause to the Circuit Court, the trial should not have proceeded upon the information, but that an indictment should have been obtained. The statute

does not contemplate the proposed practice, and neither the constitution nor justice requires it, in our opinion.

The defendant applied for a continuance on account of the absence of a number of material witnesses, residing in the adjoining county of *Allen*. The affidavit was in all respects sufficient. The court, however, delayed a decision of the application, and sent a subpœna, on its own motion, for all the witnesses but one. This was returned "not found," as to two very material witnesses who were named in it, and who were shown by the affidavit to reside in *Allen* county. These two, and the one not named in the subpœna, did not attend, but the court overruled the motion for a continuance and compelled the defendant to go to trial without them. As to one of them, the facts to which he was expected to testify were fully proved by others and were not controverted, and hence the defendant was not prejudiced by his absence. But the absent testimony of the other two witnesses was important to the defendant, and he was deprived of it without any fault of his own, and a continuance refused. This was to the prejudice of his substantial rights and must reverse the case.

The judgment is reversed, and the cause remanded for a new trial. The prisoner is remanded to *Wells* county.

*E. R. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.

