## Jones *v.* The State.

CRIMINAL LAW.—*Jurisdiction.*—*Property Stolen in One County Brought into Another.*—An indictment charged, that "at the county of Madison, in the State of Indiana, on," etc., the defendant "did then and there feloniously steal, take and drive away from the said county of Madison, and did then and there feloniously bring into and dispose of in the county of Delaware" (in which the indictment was found) "and State of Indiana, of the personal goods and chattels of," etc., one milch cow, etc.

*Held,* that the indictment sufficiently described the transfer of the stolen property from Madison to Delaware county, to give jurisdiction to the court in the latter county.

SAME.—*Instructions to Jury.*—On the trial of a criminal action, it is not error for the judge, in charging the jury, to state that witnesses have testified to certain facts, if he also inform the jury that they are the exclusive judges of the facts.

From the Delaware Circuit Court.

*T. J. Blount, C. B. Templer, R. S. Gregory* and *J. N. Templer*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PETTIT, J.—This was an indictment for grand larceny, in stealing cattle.

The indictment was in two counts.

1. For stealing the cattle in Delaware county.

2. For stealing the same cattle in Madison county, and bringing them into Delaware county, where the indictment was found.

A motion to quash each count was overruled, and exception taken.

Trial by jury, and verdict of guilty under the second count, which operates as a verdict of not guilty under the first count.

It is urged that the second count of the indictment is bad, and should have been quashed, because it does not properly describe the transfer of the stolen property from Madison to Delaware county, to give the court in the latter county jurisdiction.

Our statute, 2 G. & H. 392, sec. 7, is as follows: "When property taken in one county by burglary, robbery, larceny or embezzlement, has been brought into another county, the jurisdiction is in either county."

The second paragraph of the indictment is as follows:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present and charge, that, at the county of Madison, in the State of Indiana, on the 19th day of August, A. D., 1875, one Philip Jones did, then and there, feloniously steal, take and drive away from the said county of Madison, and did, then and there, feloniously bring into and dispose of in the county of Delaware and State of Indiana, of the personal goods and chattels of Simeon Prather, one speckled milch cow, of the value of forty dollars, and one white and red spotted milch cow, of the value of thirty dollars, and one red steer, of the value of fifteen dollars, and

one white heifer, of the value of ten dollars, and all being, then and there of the value of ninety-five dollars, and being then and there found, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

We do not think there could have been a stricter compliance with the law than is shown in it. It clearly shows that the property was stolen in Madison county, and was taken by the thief to Delaware county.

It is insisted that the evidence does not warrant the verdict, but after a full examination, we think it does, and that we cannot reverse the judgment on the evidence.

The legality of giving the following instructions is raised and presented:

"7. If the evidence in this cause shows that the property described in the indictment was feloniously stolen on the night of the 19th of August, 1875, and if it shows that on the next day it was seen in the possession of the defendant, and that he claimed it to be his, and sold a part of it, and if the defendant has failed to account for an honest possession of the same, it is a circumstance tending to establish his guilt, and from which the jury may find him guilty, if the allegations of the indictment are proven.

"8. One of the most important questions for you to determine is the identity of the defendant, as being the same person who was seen in the possession of the property on the 20th of August, on the day after it is said to have been stolen.

"9. The State has introduced quite a number of witnesses, who have testified to seeing a person driving the cattle along the road and offering to sell the same. They say that person was the defendant, and give a personal description of the person that they call the defendant. They speak of one means of identity, that he wore thin chin whiskers at the time. On the other hand, the defendant has introduced several witnesses who testify that the defendant, at the time, had no whiskers except a moustache. The defendant himself denies

the charge; says he was not the person seen in the possession of the property, that he wore no chin whiskers.

" 10. It is your duty to carefully examine all of the evidence bearing upon this point, and from it determine whether the defendant is the person who was seen in possession of, and who sold a part of the property, or not."

There can be no legal or valid objection on the face of any one of these instructions but the ninth, in stating that evidence had been given on one point, as to the identity of the defendant.

Possibly this might have been error, had not another instruction been given. Our statute, 2 G. & H. 417, sec. 113, is this :

" The judge must charge the jury in writing, when either party requests it, and the charge shall be filed among the papers of the cause. In charging the jury, he must state to them all matters of law which are necessary for their information in giving their verdict. If he presents the facts of the case, he must inform the jury that they are exclusive judges of all questions of fact."

The court gave this instruction:

" 12. You are the exclusive judges of the law and of the facts of this case, and also of the credibility of the witnesses."

This instruction, under the statute, cured any supposed or possible error in giving the ninth instruction. *Driskill* v. *The State*, 7 Ind. 338.

There is no error in the record.

The judgment is affirmed, at the costs of the appellant.