## THE STATE OF INDIANA *v.* RODGERS.

[No. 21,632.   Filed December 16, 1910.]

1. CRIMINAL LAW.—*Factory Act.—Guarding Saws.*—Section nine of the factory act (Acts 1899 p. 231, §8029 Burns 1908), providing that "all * * * saws * * * shall be properly guarded," does not prohibit the use of saws, but classes them as dangerous, and provides for their guarding.   p. 27.

2. CRIMINAL LAW.—*Factory Act.—Saws.—"Properly Guarded."—Statutes.*—The words "properly guarded," as used in section nine of the factory act (Acts 1899 p. 231, §8029 Burns 1908), providing that "all * * * saws * * * shall be properly guarded," contemplate the questions of extent and efficiency.   p. 27.

3. CRIMINAL LAW.—*Indictment.—Conclusions.—"Properly Guarded."—Factory Act.*—An allegation in an indictment that a saw was not "properly guarded" is a conclusion.   p. 27.

4. INDICTMENT.—*Following Statute.*—An indictment following the language of the statute creating the offense is sufficient only where the acts constituting the offense are stated.   p. 27.

5. NEGLIGENCE.—*Factory Act.—Practicability of Guarding Machine.—Complaint.*—A complaint for negligence in failing to guard a dangerous machine as required by section nine of the factory act (Acts 1899 p. 231, §8029 Burns 1908) must allege that it was practicable to guard such machine.   p. 27.

6. MASTER AND SERVANT.—*Factory Act.*—*Failure to Guard Danger-ous Machinery.*—*Presumptions.*—The presumption is that the owner of a factory has done what is practicable to be done in the guarding of dangerous machinery. p. 28.

7. INDICTMENT.—*Failure to Guard Saw.*—*Practicability.*—*Evi-dence.*—An indictment for a failure to guard a saw must charge that it was practicable so to do; and such fact must be proved. p. 28.

8. NEGLIGENCE.—*Guarding Saw.*—*Assumption of Risk.*—Failure to guard a saw, where practicable, constitutes negligence *per se;* and the doctrine of assumption of risk does not apply. p. 29.

9. INDICTMENT.—*Failure to Guard Saw.*—*Factory Act.*—An indict-ment charging that defendant factory owner "did then and there unlawfully fail and neglect properly to guard the aforesaid saw," is insufficient, since it must further be alleged that it was prac-ticable to guard such saw, otherwise the defendant would have to prove a negative. pp. 29, 30.

10. INDICTMENT.—*Allegations.*—*Presumptions.*—Facts must be di-rectly alleged in an indictment, no presumptions being indulged against the accused. p. 29.

From Jennings Circuit Court; *Francis M. Thompson,* Judge.

Prosecution by The State of Indiana against Homer Rodgers. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins* and *W. H. Thompson,* for the State.

*Dixon & Meloy,* for appellee.

MYERS, C. J.—Appellee was charged with the violation of §8029 Burns 1908, Acts 1899 p. 231, §9, by an indict-ment which, omitting the formal parts, was as follows: " That Homer Rodgers, late of said county, on March 15, 1909, at said county and State aforesaid, being then and there the owner of and the person in charge of a certain manufacturing establishment for the manufacture of lumber and wood products, in which establishment a certain saw, to wit, a certain swinging cut-off saw, was then and there used, did then and there unlawfully fail and neglect properly to guard the aforesaid saw, contrary to the form of the statute in such cases made and provided."

The indictment was quashed on motion, and the State

appeals. The indictment was quashed, as we understand the record, for failure to allege that it was practicable to guard the saw without rendering it useless for the purpose for which it was intended. Section 8029, *supra*, provides that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein [referring to manufacturing and other plants described] shall be properly guarded." The statute recognizes the use of saws, and the machinery and appliances as lawful and necessary; its prohibition extends to the manner of their use. The legislature has characterized saws as in themselves dangerous, and has provided that they shall be properly guarded.

What is meant by the words "properly guarded"? They are relative terms, and contemplate the extent of guarding, and the question of the efficiency for the purpose used. To say that a swinging cut-off saw was not properly guarded would be to state a conclusion and not a fact. The State contends that if it was important to show that the saw could not have been guarded, it might have been shown as a defense, and that it was a matter for the jury, and not a question of law, and that it is sufficient to charge an offense in the language of the statute. That is true where the statute defines the offense, and states what acts or omissions constitute it; but it is not true where the statute does not define the offense, and where, as in this case, other sections must be looked to, or where the act is held necessary to be supplemented by some other elements, or where some other element is involved, as practicability of guarding. *Vinnedge* v. *State* (1906), 167 Ind. 415.

Here we have a general statute, which provides precautions in the operation of manufacturing plants in many particulars, and among other things provides that certain machinery shall be properly guarded. Section 8045 Burns 1908, Acts 1899 p. 231, §25, provides that "any

person who violates or omits to comply with any of the provisions of this act  *  *  *  shall be deemed guilty of a misdemeanor." It has been held that it is not sufficient under this act, even in a civil action, to allege that a party failed properly to guard a prescribed specific appliance, machine or place defined by the statute. There must be coupled with it some allegation showing that it is practicable to guard the machine, appliance or place to work so as not to render it inefficient for the use intended. *Bessler* v. *Laughlin* (1907), 168 Ind. 38; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Robertson* v. *Ford* (1905), 164 Ind. 538; *National Drill Co.* v. *Myers* (1907), 40 Ind. App. 322; *Kintz* v. *Johnson* (1906), 39 Ind. App. 280; *National Fire Proofing Co.* v. *Roper* (1906), 38 Ind. App. 600; *Cook* v. *Ormsby* (1910), 45 Ind. App. 352; *Paul Mfg. Co.* v. *Racine* (1909), 43 Ind. App. 695; *Glens Falls, etc., Cement Co.* v. *Travelers Ins. Co.* (1900), 162 N. Y. 399, 56 N. E. 897.

It was the legislative intent to create an offense only when the thing neglected in and of itself resulted in an offense against the State, and it could only be an offense if it is practicable to guard and it is neglected, and it cannot be left to presumption that it is practicable to guard, for the presumption is that the owner has done what is required of him as a practicable thing, and it must be overcome by the charge specifically made. *Vinnedge* v. *State*, *supra; Stropes* v. *State* (1889), 120 Ind. 562.

To charge that one unlawfully failed and neglected " properly " to guard a swinging saw might argumentatively be said to charge that it was practicable to guard it; that is, that the adverb " properly " means suitably and practicably, having in view its use and efficiency, but that would present a question of fact. What would be necessary to be proved by the State? Could it rest by simply showing that the saw was not guarded at all, if there was no pretense of guarding, or would it be required to show

that it was practicable to guard it, or if there was an attempt at guarding, that it was inefficiently done, considering the use and efficiency of the machine.   It is not like a case where there is no inherent right to do a thing, or carry on a business, as in case of the sale of intoxicating liquors, or other business, a condition precedent to which is having a license, for here is a business one has an inherent right to engage in, and under the judicial construction of the statute, he is required to guard only machinery, appliances and work that it is practicable to guard; that is, having reference to the utility and efficiency of the machine, appliance and place.   It does not enlarge his common-law duty, except that it places

8.   emphasis upon that duty, and on the civil side of the question removes the question of assumption of risk as to the machines, appliances and places to work designated by the statute and those designated by the inspector, and makes such failure to guard negligence *per se.    United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599.

The State's contention would put upon appellee the duty of showing a negative, while it is the affirmative duty of

9.   the State to show that he could so guard said machine as not to render it inefficient or useless.   Appellee is guilty of only a misdemeanor in failing to guard a machine, appliance or place which he could guard without destroying its efficiency or use, and he has a right to be so charged that a court, as a matter of law, can determine whether an offense is charged, and certainly ought to be charged with as much particularity as in a civil action.   *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789.

Every element necessary to constitute an offense must be directly and positively charged, and no presumption will be

10.   indulged against the accused.   *Hewitt* v. *State* (1908), 171 Ind. 283;   *State* v. *Metsker* (1908), 169 Ind. 555.

It can scarcely be questioned that, in order to constitute

the offense, it must appear that the saw could be guarded without affecting its efficiency or utility, and that to

9.   charge that it was not properly guarded is a conclusion, and is not a direct and positive charge that it could be done.   An indictment under this statute ought certainly be as definite in order to constitute a misdemeanor, as a complaint in order to charge negligence.

The judgment is affirmed.