## MARTIN *v.* THE STATE OF INDIANA.

[No. 22,004. Filed October 6, 1911.]

1. CRIMINAL LAW.—*Venue.*—*Burglary.*—Under article 1, §13, of the Constitution, providing that "in all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed," and §1867 Burns 1908, Acts 1905 p. 584, §2, providing that except as otherwise provided the accused "shall be tried publicly in the county in which the offense shall have been committed," a prosecution for burglary committed in one county cannot be instituted in another, though a prosecution for bringing the stolen goods into such other county could be instituted in such county. pp. 319, 321.

2. CRIMINAL LAW.—*Venue.*—*Continuing Offenses.*—*Transporting or Conveying Stolen Goods.*—Under §1875 Burns 1908, Acts 1905 p. 584, §10, providing that "when property taken in one county by burglary, * * * has been brought into another county, the jurisdiction is in either county," a prosecution for taking property secured in one county by burglary, robbery, larceny, or embezzlement, into another county, may be instituted in either county. p. 320.

From Criminal Court of Marion County (39,575); *Joseph T. Markey,* Judge.

Prosecution by The State of Indiana against Cordia Martin. From a judgment of conviction, defendant appeals. *Reversed.*

*Holtzman & Coleman* and *Cook & Cook,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Brana-man, Edwin Corr* and *James E. McCullough,* for the State.

JORDAN, C. J.—The State instituted this prosecution by an affidavit filed in the Criminal Court of Marion County. This affidavit charged appellant with having committed the crime of burglary in Hancock county, Indiana, on December 29, 1910, with the felonious intent of stealing and carrying away divers goods and chattels belonging to the persons mentioned. It is further charged that appellant, after breaking into and entering the business house therein named, did unlawfully, feloniously, etc., take, steal and carry away from said Hancock county the sum of $6,606.50 in money, the personal property, goods and chattels of certain persons named, and that thereafter he unlawfully and feloniously did bring said money as aforesaid into Marion county, Indiana, contrary to the provisions of the statutes, etc.

Appellant moved to quash the affidavit for various reasons, among which were the following: (1) The court had no jurisdiction to try appellant upon the charge presented, because the affidavit shows that the offense was committed in Hancock county and not in Marion county; (2) the affidavit did not charge a public offense. His motion was overruled. There was a trial by jury and a verdict returned against appellant, finding him guilty of burglary as charged in the affidavit, and that he was thirty years of age. Over his motion for a new trial, wherein various reasons were assigned, the court rendered a judgment ordering that, for the offense committed, he be imprisoned in the Indiana state prison for a term of not less than ten years nor more than twenty years, and that he be disfranchised and rendered incapable of holding any office of profit or trust for a period of ten years.

In addition to the motion to quash, the jurisdiction of the lower court to try appellant on the charge presented was also sought to be raised by instructions tendered by appel-

lant and refused by the court. Appellant has assigned the following errors: (1) The court had no jurisdiction of the offense charged. (2) The court had no jurisdiction of the person of appellant. (3) The affidavit does not state a public offense. (4) The court erred in overruling appellant's motion to quash the affidavit on each ground separately and severally stated. (5) The court erred in overruling the motion for a new trial.

Various questions are argued by appellant's counsel, but the cardinal one is, Had the State the right to try and convict appellant, over his objections, in the Criminal Court of Marion County for the offense of burglary committed in another county in this State?

1.

Section thirteen of the bill of rights of the Constitution of this State provides: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed." Section 1867 Burns 1908, Acts 1905 p. 584, §2, provides: "Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act." Section 1875 Burns 1908, Acts 1905 p. 584, §10, provides: "When property taken in one county by burglary, robbery, larceny or embezzlement, has been brought into another county, the jurisdiction is in either county."

We are not in this appeal called on to deal with a case where the accused party has been convicted of the offense of bringing property stolen in Hancock county into Marion county, but, as the Attorney-General on behalf of the State admits, the simple proposition is, Can the Criminal Court of Marion County take jurisdiction of and try an accused person, without his consent, for the crime of burglary committed by him in Hancock county, Indiana, merely because certain property feloniously taken and stolen at the time the burglary was committed was subsequently brought by the accused party into Marion county?

The Attorney-General further states in his brief "that the offense of burglary, with which appellant is charged, is a breaking into and entering of a business house in Hancock county, with the intent to commit a felony. That was an offense fully consummated in Hancock county, and it seems in violation of the Constitution to say that Marion county has jurisdiction of that offense." He admits that the legislature of this State, in view of the provision of our Constitution, hereinbefore set out, has no power to authorize a prosecution for the crime of burglary, in the absence of a change of venue taken at the instance of the defendant to be tried in a county other than that in which the burglary was committed. In this view of the learned Attorney-General we concur.

A statute of the State of Missouri, authorizing a prosecution for the crime of burglary to be had in a county of that state other than the one in which the offense was committed, was held by the Supreme Court to be invalid, because it was antagonistic to a provision of the state constitution, that prohibited the prosecution of a person charged with the commission of a felony in a county other than the one in which the offense was committed. *State* v. *McGraw* (1885), 87 Mo. 161.

Prosecutions authorized by §1875, *supra,* in a case where property has been stolen in one county and brought into another by the thief, are upheld upon the distinct

2. ground that a taking of stolen property from one county into another constitutes a new or fresh theft, and it may be said that the prosecution for such offense is in the county in which it was committed, and falls within the requirement of section thirteen of our bill of rights. *State* v. *Smith* (1877), 66 Mo. 61, and authorities cited; *State* v. *McGraw, supra.*

No such interpretation can be accorded to §1875, *supra,* as will authorize a prosecution for the crime of burglary in

MAY TERM, 1911. 321

Martin *v.* Kopplitz-Melcher Brew. Co.—176 Ind. 321.

a county other than the one in which the offense was committed, merely because the property stolen has been brought into such county. It is manifest that the section in question is not dealing with the offense of burglary, but with that of bringing stolen property from one county into another.

The affidavit in this case shows upon its face that appellant is charged in the Criminal Court of Marion County with the crime of burglary committed in Hancock county. It therefore follows that the lower court had no authority to try him for such offense, and his conviction was unlawful. For this reason alone the judgment must be reversed. Of course if the State desires to prosecute appellant for the crime committed by him in bringing the stolen money into Marion county, it may do so in the Criminal Court of Marion County; but if it desires also to prosecute him for the crime of burglary committed in Hancock county, it must do so in the latter county.

For the reasons stated, the judgment is reversed, and the cause remanded to the Criminal Court of Marion County, and a new trial ordered.