TOSSER *v.* STATE OF INDIANA.

[No. 24,506.   Filed June 19, 1928.]

*Hamill, Hickey, Evans & Danner,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

WILLOUGHBY, J.—This was a prosecution for grand larceny, based upon the second count of an affidavit filed in the Vigo Circuit Court, wherein it was charged that appellant, in Knox County, on December 8, 1922, did then and there unlawfully and feloniously, steal, take and carry away from said county of Knox, and did then and there feloniously bring into the county of Vigo, State of Indiana, various articles belonging to one Thomas J. Arnold, and of an aggregate value of $285.

A motion to quash the second count of the affidavit was filed, and the reasons alleged for quashing are, that said count of said affidavit does not state facts which constitute a public offense and does not state the charge therein contained with sufficient certainty. That said second count contains more than one distinct offense, in this: Said count charges the offense of larceny and also contains the distinct offense of bringing into said county of Vigo goods unlawfully obtained by means of larceny.

The court overruled the motion to quash, and the appellant entered a plea of not guilty, and was tried by the court without a jury. The court found appellant guilty of grand larceny and fixed his punishment at imprisonment from one to fourteen years and a fine of $10 and costs, and disfranchisement for five years.

A motion for a new trial was made and overruled and judgment rendered on the finding. An appeal was then taken from this judgment. Appellant alleges error in overruling appellant's motion to quash the second count of the affidavit.

It is claimed by the state that if property is alleged to be stolen in one county and taken into another county, as in the instant case, and a prosecution is had in the county to which the goods are taken, the presentment is sufficient if it properly alleges the theft in the county in which the goods are stolen. *Hurt*

v. *State* (1866), 26 Ind. 106; *Jones* v. *State* (1876), 53 Ind. 235. In *Hurt* v. *State, supra,* the court said:

> "The information charges a larceny by the defendant, committed in the county of Allen and that he brought the stolen property into Wells county. It is urged that this is not a charge of larceny committed in the latter county. Not at all approving of the form of this indictment, which should have directly charged a larceny in Wells, yet we cannot, under the code, hold it bad. Each removal of the property by the thief into another jurisdiction, was at common law held to be a fresh taking, and therefore a new larceny. The averment in this case of such removal was, it is true, an allegation of the evidence. But it was conclusive. It could not possibly be true without resulting in the defendant's guilt. It was, therefore, necessarily the equivalent of a direct charge of larceny."

*Jones* v. *State, supra,* also supports the contention of the state. In *Martin* v. *State* (1911), 176 Ind. 317, 95 N. E. 1001, the court says:

> "Prosecutions authorized by §1875, *supra*, in a case where property has been stolen in one county and brought into another by the thief, are upheld upon the distinct ground that a taking of stolen property from one county into another constitutes a new or fresh theft, and it may be said that the prosecution for such offense is in the county in which it was committed, and falls within the requirement of section 13 of our bill of rights."

Section 13 of the Bill of Rights, §65 Burns 1926, provides that in all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed. The court did not err in overruling the motion to quash.

The appellant claims that the court erred in overruling appellant's motion for a new trial for the reason

that the court erroneously compelled appellant, over his objection, to answer the following question put to him by the state on cross-examination: "I will ask you if you were arrested on the 16th day of February, 1922, charged with violating the liquor law?"

When the defendant takes the stand as a witness, he is subject to cross-examination as any other witness, and he may be asked questions concerning any fact tending to impair his credibility as a witness by showing his interest, bias, ignorance, motives or that he is depraved in character. All this may be shown on cross-examination, but the extent to which this may be carried is within the sound discretion of the court. *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689.

It does not appear from the record that the trial court abused its discretion in permitting the cross-examination of the defendant as a witness. The evidence adduced by such cross-examination was competent only as going to the credibility of the witness and it does not appear that it was considered for any other purpose. Unless error is affirmatively shown, this court will presume that the action of the trial court was correct. *Kirschbaum* v. *State* (1925), 196 Ind. 512, 149 N. E. 77. *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162; *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130, 142 N. E. 1.

The appellant further contends that the finding of the court is not sustained by sufficient evidence, because, considering the evidence in the view most favorable to a conviction, the evidence shows only that the goods were stolen in Knox County and shortly thereafter were found in the exclusive possession of the defendant. The *corpus delicti* in larceny may be proven by circumstantial evidence, and while the unexplained

possession of another's property may not of itself be sufficient to establish larceny, such fact, taken together with the other circumstances, may be sufficient. Evidence to show that a defendant denied any knowledge of a stolen ring which he had in his possession, that he was near the place where the ring was stolen, and when it was stolen, is admissible in determining whether his possession was referable only to a criminal origin. *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776.

In the instant case, a large number of articles alleged to have been stolen were recently after the larceny found in the possession of the defendant and, in his testimony, he claimed that the articles belonged to him, that he bought them, but he could not remember where he bought them. The circumstance of the stolen property being in the possession of the defendant recently after the larceny, together with his explanation of it, and the claim of the ownership of it, and the testimony of the detective to whom the appellant related the circumstances regarding the property, when all taken together, constitute some evidence of the guilt of the defendant, and, in ascertaining whether the finding of the court is sustained by sufficient evidence, we consider only the evidence favorable to the prevailing party, which in this instance is the state. We think there is some evidence tending to support the finding of the court on every material fact alleged in the affidavit charging the offense. There was therefore sufficient evidence to sustain the finding of the court.

Judgment affirmed.