## BORTON *v.* STATE OF INDIANA.

[No. 28,875. Filed June 11, 1952.]

*Garrison & Castor,* and *Christian, Waltz & Klotz,* of Noblesville, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

GILKISON, J.—In the trial court appellant was prosecuted by an amended affidavit in two counts, each of which attempted to charge him with a violation of the Indiana Fraudulent Check Act of 1927, §10-2105, Burns' 1942 Replacement.

Appellant's motion to quash each count of the amended affidavit was overruled. Appellant waived an arraignment and entered a plea of not guilty. A jury was waived and upon trial by the judge, appellant was found not guilty on the first count, and guilty on the second count, and that he is 38 years of age. He was sentenced to the Indiana State Prison for not less than one year nor more than ten years and that he satisfy the costs.

Appellant's motion for new trial for causes that the finding of the court is not sustained by sufficient evidence and is contrary to law, was overruled and the appeal was taken.

Only count two of the affidavit is involved in the appeal. Omitting the caption, signature and verification, it is as follows:

## "Count II

"Be it further remembered, that on this day before me, Frances Neal, Prosecuting Attorney of the 24th Judicial Circuit, personally came Charles Pickett, who being duly sworn upon his oath says that Ralph Borton on or about the 10th day of November, 1949, at the County of Hamilton, in the State of Indiana, with intent to defraud Charles Pickett and Russell Pickett, partners, doing business under the name and style of Russell Pickett & Son, did then and there knowingly, unlawfully, fraudulently and feloniously make, utter,

draw to the order of Russell Pickett & Son, and deliver to the said Charles Pickett, one of said partners, a certain false and fraudulent check for the sum of $128.17 drawn on the Farmers & Merchants Bank of Rochester, Indiana, for the payment of money, which false and fraudulent check is in the following words and figures, to-wit:

'Rochester, Indiana
Nov. 10, 1949

'Pay to the
Order of    Russell  Pickett  &  Son    $128.17

One hundred twenty eight Dollars and 17 Cents
Ralph  Borton

To the Farmers & Merchants Bank,
Rochester, Ind.'

Endorsed on the back, 'Russell Pickett & Son.' with intent THEN and there to obtain from said partnership, certain property, to-wit, poultry of the value of $128.17, which property was then and there owned by said partnership, and which property was then and there delivered to the said Ralph Borton in exchange for said check, by the said Charles Pickett as such partner, the said Ralph Borton well knowing at the time of such making, uttering to the order of Russell Pickett & Son, and delivering of said false and fraudulent check to the said Charles Pickett, one of the partners, that the maker and drawer of said check did not then and there have sufficient funds in or credit with said bank for the payment of said check in full upon its presentation, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statute under which the charge is attempted to be based, so far as applicable is as follows:

"Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of

value, although no express representation is made in reference thereto, . . . shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: . . . ." §10-2105, Burns' 1942 Replacement.

Appellant contends that as against a motion to quash, the affidavit must contain an averment that at the time of the execution of the check, appellant did not have sufficient funds or credit with the bank upon which the check was drawn, to pay the check. In support of this proposition appellant relies upon *State* v. *Rodgers* (1910), 175 Ind. 25, 93 N. E. 223, and *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353. The subtance of the holding in each of these cases relied upon by appellant is: that it is sufficient to charge an offense in the language of the statute if the statute defines the offense and states what acts or omissions constitute it. But it is not sufficient if the statute does not define the offense, or other sections must be looked to, or the act must be supplemented by other elements, in order to make the offense. Page 27 of the Rodgers case, pages 417, 418 of the Vinnedge case.

Of course, the accused has a right to have all the essential elements that enter into the offense, charged in the affidavit, so that he may know what he has to meet, whether those elements are expressed in terms in the statute, or enter into the offense by construction. *Weisenberger* v. *State* (1931), 202 Ind. 424, 433 and cases there cited, 175 N. E. 238.

We think the statute quoted states all the elements essential to constitute the offense charged. The affidavit is substantially in the words of the statute. It is not necessary to allege in the affidavit that the appellant at the time of its execution did not have sufficient funds in the bank to pay the check, since he might have arranged for credit to take care of it on presentation as the statute seems to infer, or he might have had other sufficient reasons for so believing. The offense is not for executing a check, when there are insufficient funds in the bank to pay it. The offense is for executing a check "knowing at the time" of such execution that the maker "has not sufficient funds in or credit with such bank . . . for the payment of such check, . . . in full upon its presentation . . . ." This charge is properly contained in count two of the affidavit. The fraudulent check statute of 1927 was enacted for the purpose of creating a new and distinct offense.

Appellant reasons quite learnedly as to what constitutes knowledge. With his reasoning we can readily agree. Knowledge probably is an abiding belief. In making this charge it is not necessary to aver the facts upon which the belief may be based. The affidavit charges the appellant with knowledge of a certain negative situation, as provided for by the statute. This knowledge with the other averments contained in the affidavit, are sufficient to constitute the offense defined by the statute.

If a defendant is charged with receiving money, or thing of value by color of any false token or any false pretense etc. under §10-2103, Burns' 1942 Replacement, the false token or false pretense, must be averred and negatived in the charge. If the charge in the case at bar was based upon that

section of the statute appellant's argument and authorities cited would be germane and probably controlling. But it is brought under §10-2105 which makes the execution of a check upon a bank with intent to defraud by obtaining money, merchandise etc. *"although no express representation is made in reference thereto,"* but knowing at the time of the execution of the check that he, the maker, did not have "sufficient funds in or credit with such bank" for the payment of the check upon its presentation, a criminal offense. Under this statute it is not necessary to aver the false pretenses made if there were any, nor to negative their existence. No error was committed in overruling the motion to quash count two of the affidavit.

Without narrating the evidence, we may say that a careful examination clearly indicates that there was ample evidence to prove each essential element to constitute the offense charged.

Finding no error in the record the judgment is affirmed.

NOTE.—Reported in 106 N. E. 2d 392.