## McCormick *v.* State of Indiana.

[No. 29,146. Filed April 30, 1954.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

DRAPER, C. J.—The appellant was convicted of the offense of issuing a fraudulent check and was sentenced

to an indeterminate term of one to ten years in the Indiana State Prison. He appeals, assigning as error the overruling of his motion to quash the affidavit and the overruling of his motion for new trial.

The motion to quash specifies that (1) the facts stated in the affidavit do not constitute a public offense, and (2) the affidavit does not state the offense with sufficient certainty.

It seems necessary to a proper understanding of the case to set out the affidavit. Omitting formal parts, it reads as follows:

"NORMAN L. BARTLETT being duly sworn upon his oath says that DANIEL FRANKLIN McCORMICK on or about the 30th day of May, A. D., 1953, at said County and State as affiant verily believes did then and there unlawfully and fraudulently, by color and aid of a check on the Chrisney State Bank, Chrisney, Indiana, for the payment of money in the words and figures following:

" 'Chrisey State Bank—Chrisey, Indiana
71-1
863

" 'May 30, 1953 No. ——

" 'CHRISEY STATE BANK ** CHRISEY, INDIANA

" 'PAY TO THE ORDER OF West Side Auto Sales $125.00

" 'One Hundred Twenty Five —— no/100 DOLLARS

" 's/ Dan McCormick.' "

Reverse side of check

" 's/ West Side Auto Sales Norman L. Bartlett

did then and there obtain from Norman L. Bartlett doing business as West Side Auto Sales, credit in the amount of One Hundred Twenty Five Dollars ($125.00) on his account with said Norman L. Bartlett, doing business as West Side Auto Sales,

which was then and there delivered to said Daniel Franklin McCormick in exchange for said check, when the said Daniel Franklin McCormick, maker of the said check, was not then and there entitled to draw on the said bank for the sum specified therein, the said Daniel Franklin McCormick thereby intending to defraud the said Norman L. Bartlett, doing business as West Side Auto Sales, contrary etc.' "

A consideration of the case involves two separate statutes on the subject of the issuance of fraudulent checks, viz.: §678, ch. 169, Acts 1905, and §6, ch. 201, Acts 1927, the same being §§10-2104 and 10-2105 of Burns' 1942 Repl., respectively.

The 1905 Act proscribes the obtaining of "money or property" when the drawer or maker of the check is not entitled to draw on the drawee for the sum specified therein. There is no reference in that Act to the obtaining of "credit." The affidavit here alleges that the appellant obtained "credit" on his account when he was not entitled to draw on said bank for the sum specified therein.

The 1927 Act proscribes the obtaining of "credit" by the making, etc., of a check upon any bank, etc., knowing at the time of such making, etc., that the maker or drawer has not sufficient funds in or credit with such bank, etc., for the payment of such check in full upon its presentation. The affidavit here alleges that the appellant obtained "credit in the amount of One Hundred Twenty-five Dollars ($125.00) on his account," but it wholly fails to allege that the appellant knew at the time of the making, etc., of said check that he did not have sufficient funds in or credit with the bank for the payment of such check in full upon its presentation.

In *Borton* v. *State* (1952), 230 Ind. 679, 106 N. E. 2d 392, we pointed out that the 1927 Act was enacted

for the purpose of creating a new and distinct offense. We said that the 1927 Act states all of the elements of the offense and pointed out that the offense defined by the 1927 Act "is not for executing a check, when there are insufficient funds in the bank to pay it. The offense is for executing a check *'knowing at the time'* of such execution that the maker 'has not sufficient funds in or credit with such bank . . for the payment of such check, . . . in full upon its presentation . . .' ". (Emphasis supplied.)

It is apparent from the foregoing that the affidavit in this case does not fit the definition of the offense as stated in either the 1905 or the 1927 Act. On the contrary, it would seem that the affidavit was prepared by borrowing portions from each of them.

In this state there are no common law offenses. All crimes and misdemeanors must be defined and punishment therefor fixed by statute, and not otherwise. Burns' 1942 Repl., §9-2401; *Green* v. *State* (1953), 232 Ind. 596, 115 N. E. 2d 211.

The violation of a statute defining an offense consists in the commission of certain acts under specified circumstances and in some cases with a specified knowledge or particular intent. An affidavit founded on the statute must, with certainty and precision, charge the defendant with having committed or omitted the acts, under the circumstances, and with the knowledge or intent mentioned in the statute. *Hinshaw* v. *State* (1919), 188 Ind. 447, 124 N. E. 458; *Appelby* v. *State* (1943), 221 Ind. 544, 48 N. E. 2d 646; 27 Am. Jur. "Indictments," §69; Joyce on Indictments, §457, p. 537. Although words used in a statute to define a public offense need not be strictly pursued, since other words conveying the same meaning may be used, Burns' 1942 Repl., §9-1105, " (T)he accused has a right to have all the essential elements that enter into the

offense, charged in the affidavit, so that he may know what he has to meet, whether those elements are expressed in terms in the statute, or enter into the offense by construction." *Borton* v. *State, supra.* "The offense must be charged in direct and unmistakable terms, and the charge must be such that the defendant may know definitely what he has to meet, and that the court may know the crime intended to be charged." *Bruce* v. *State* (1951), 230 Ind. 413, 104 N. E. 2d 129.

Tested by the above rules, it seems apparent that the affidavit is not sufficient to withstand a motion to quash. No sufficient charge was laid in the affidavit and the appellant could not know what charge he had to meet. The penalty for a violation of the 1905 Act is a fine of $5000 to which may be added imprisonment for not less than one nor more than five years. The penalty for a violation of the 1927 Act is imprisonment for not less than one nor more than ten years. From the fact that the penalty assessed was imprisonment for not less than one nor more than ten years we assume that the trial court proceeded upon the theory that the affidavit was sufficient under the 1927 Act. In this we think the court erred.

By his motion for new trial the appellant asserts error in the admission of hearsay evidence, and further insists the evidence as introduced was not sufficient to establish the guilt of the appellant under either of the statutes above mentioned. We think there is merit in each of these contentions, but since these questions are not likely to arise on a retrial of the case, it is unnecessary to consider them in detail.

Judgment reversed and cause remanded with instructions to sustain appellant's motion to quash the affidavit.

Bobbitt, Flanagan, Emmert, Gilkison, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 5.