HIGDON ET AL. *v.* STATE OF INDIANA.

[No. 29,943. Filed March 27, 1961.]

*Thomas A. Cannon* and *Perry W. Cross,* both of Muncie, for appellants.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

JACKSON, J.—The appellants were charged by affidavit with possession and owning a gambling device. The sufficiency of the affidavit was tested by motion to quash, the motion to quash was, by the court, overruled. Appellants were arraigned, pleaded not guilty, were thereafter tried and convicted by jury. The defendant, Frank H. Higdon, was fined the sum of Five Hundred Dollars and costs, and sentenced to Indiana State Farm for a period of ninety (90) days; the de-

fendants, Byron Z. Landon and Lloyd V. Stephenson, Jr., were each fined in the sum of Two Hundred Dollars and costs. Following their conviction appellants filed their motion for a new trial, the motion for a new trial being overruled, appellants perfected their appeal to this court.

The affidavit for "Possession and Owning Gambling Device," omitting formal parts thereof, signature and jurat reads as follows:

"Walter Boguski swears he is informed and believes that Frank H. Higdon, Lloyd V. Stephens (sic) Jr. and Byron Z. Landon on or about the 2nd day of April 1959 at and in the County of Delaware, State of Indiana, did then and there unlawfully, feloniously and knowingly own and possess a gambling device, to wit: a pool, lottery and gift enterprise, commonly called a tip book, which was then and there a device and mechanism by the operation of which a right to money, the exact amount of which is to the affiant unknown could be created, in return for a consideration, to wit —— cents per chance and per ticket, as a result of the operation of and element of chance which said consideration did not return the same value and amount upon each operation thereof contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The statute on which the affidavit was based reads as follows, to-wit:

"Whoever knowingly owns, manufactures, possesses, buys, sells, rents, leases, stores, repairs or transports any gambling device, or offers or solicits any interest therein, whether through an agent or employee or otherwise, shall upon conviction be fined not more than one thousand dollars [$1,000], or imprisoned not more than one [1] year or both." Acts 1955, ch. 265, §4, p. 713, being §10-2332, Burns' 1956 Replacement.

The definition section of said Act, as amended, as applied to the section thereof under which this prosecution was instituted reads as follows:

"(4) 'Gambling device' means any mechanism by the operation of which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as the result of the operation of an element of chance; any mechanism which, when operated for a consideration does not return the same value or thing of value for the same consideration upon each operation thereof; any mechanism, furniture, fixture, construction or instalation designed primarily for use in connection with professional gambling; and any subassembly or essential part designed or intended for use in connection with any such device, mechanism, furniture, fixture, construction or instalation: Provided, that in the application of this definition an immediate and unrecorded right to replay mechanically conferred on players of pinball machines and similar amusement devices shall be presumed to be without value." Acts 1955, ch. 265, §2, p. 713; 1957, ch. 205, §1, p. 425, being §10-2330, Burns' 1960 Cum. Supp.

Appellants "Motion to Quash Affidavit" omitting the formal parts thereof reads as follows:

"Come now the defendants, Frank H. Higdon, Lloyd V. Stephenson Jr., and Byron Z. Landon, and respectfully move the Court to quash the affidavit herein on the following grounds:

"1. That the facts stated in the affidavit do not constitute a public offense.

"2. That the affidavit does not state the offense with sufficient certainty."

Appellants "Motion for New Trial," omitting the formal parts thereof, reads as follows:

"Comes now the defendants, Frank H. Higdon, Lloyd V. Stephenson, Jr., and Bryon Z. Landon, [Byron Z. Landon] and jointly and severally move

the Court for a new trial upon the following grounds and for the following reasons:

"1. Irregularities in the proceedings of the Court by which the defendants were prevented from having a fair trial, in this, to-wit:

"(a) The Court erred in overruling the defendants' motion to quash the affidavit.

"(b) The Court erred in overruling the defendants' oral motion to suppress State's Exhibit No. 2 and thereafter admitting the same into evidence, for the reason that it was obtained illegally and without a search warrant.

"2. Error of law occurring at the trial, in this, to-wit:

"(a) The court erred in overruling the defendants' oral motion to suppress State's Exhibit No. 2 and thereafter admitting yhr [the] same into evidence, for the reason that it was obtained illegally and without a search warrant.

"3. That the verdict of the jury is contrary to law.

"4. That the verdict of the jury is not sustained by sufficient evidence."

"WHEREFORE, the defendants jointly and severally pray for a new trial, and for all other proper relief in the premises.

s/ Thomas A. Cannon
Thomas A. Cannon
ATTORNEY FOR
DEFENDANTS"

Appellants Assignment of Error is on the single ground as follows:

"1. The trial court erred in overruling the Motion for New Trial."

The determinative question here involved is whether or not the so called "tip book" is a gambling device within the purview of the statute §10-2332, Burns' 1956 Replacement, *supra*, under which this prosecution was instituted, and if so, whether the affidavit suffi-

ciently charges the offense to withstand the motion to quash.

Our courts have consistently held that criminal statutes must be strictly construed, and that any doubts must be resolved in favor of the accused. *Kistler* v. *State* (1921), 190 Ind. 149, 129 N. E. 625; *Kelley* v. *State* (1933), 204 Ind. 612, 630, 185 N. E. 453; *Shutt* v. *State* (1954), 233 Ind. 120, 125, 117 N. E. 2d 268.

Another fundamental concept of criminal jurisprudence in this state is that a crime is defined and punishment fixed only by act of the legislature.

"Criminal offenses statutory—Crimes and misdemeanors shall be defined and punishment therefor fixed by statutes of this state and not otherwise." 1. R. S. 1852, ch. 61, §2, p. 351, being §9-2401, Burns' 1956 Replacement.

The following language was used by the Indiana Supreme Court almost one hundred years ago, to-wit:

". . . But we have not to decide upon what the law might be, but what it is. It is, that the legislature alone can define a crime in *Indiana*. No crime, then, can be punished, in *Indiana*, by her own Courts, till it has been defined. No power can define a crime but the legislature; hence, the Court can not do it here, as it can in *England*, in case of misdemeanors. . . ." *Marvin* v. *The State* (1862), 19 Ind. 181, 184.

That doctrine has recently been reaffirmed when this court said:

" 'In this State there are no common law offenses. All crimes and misdemeanors must be defined, and punishment therefor fixed, by statutes of this State, and not otherwise. . . .' " *Green* v. *State* (1953), 232 Ind. 596, 599, 115 N. E. 2d 211; *McCormick* v. *State* (1954), 233 Ind. 281, 285, 119 N. E. 2d 5.

The affidavit, charging the appellants in part, reads as follows:

"... did then and there unlawfully, feloniously and knowingly own and possess *a gambling device,* to-wit: *a pool, lottery and gift enterprise, commonly called a tip book. ....*" (Emphasis supplied.)

The definition section of the Act defining the alleged crime, in part, reads as follows:

"(4) 'Gambling device' means *any mechanism* by the operation . . .; *any mechanism, furniture, fixture, construction or instalation* designed primarily for use in connection with professional gambling; . . ." (Emphasis supplied.) §10-2330, Burns' 1960 Cum. Supp., *supra.*

This court has consistently held that the legislature has the power to define language used in a statute, and that the courts are bound by such construction. *Smith* v. *The State* (1867), 28 Ind. 321, 325; *Fahnestock* v. *The State* (1885), 102 Ind. 156, 162, 163, 1 N. E. 372; *Gross Income Tax Division* v. *L. S. Ayres & Co.* (1954), 233 Ind. 194, 198, 118 N. E. 2d 480.

In the case at bar, the legislature did not intend to give a broad definition to the term "gambling device," but in fact sought to restrict its meaning by specifically defining it as a "mechanism." This court can not give a broader construction to the language of the statute than that intended by the legislature. Even though a tip book would be a gambling device in the absence of such statutory definition, the legislative definition excludes a tip book from the operation of the statute.

The motion for a new trial should have been sustained, this cause is reversed and remanded to the trial court with instructions to sustain the motion to quash

the affidavit, and for further proceedings not inconsistent with this opinion.

Arterburn, J., concurs.

Bobbitt, C. J., and Landis, J., concur in result.

Achor, J., concurs in result with opinion.

## CONCURRING OPINION

ACHOR, J.—I concur in the result of the majority opinion, as written by Jackson, J., insofar as it holds that the motion for new trial should have been sustained. However, in my opinion, the error of the trial court consisted in the overruling of the motion for new trial on the ground that the verdict was not sustained by sufficient evidence, and not on the ground that the court erred in overruling the motion to quash.

NOTE.—Reported in 173 N. E. 2d 58.