WOODALL v. STATE OF INDIANA.

[No. 30,135. Filed November 8, 1961.]

234

*Robert S. Baker,* Public Defender, and *Thomas A. Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

ACHOR, J.—This is a proceeding brought by appellant, under Rule 2-40B of this court, to correct an erroneous sentence allegedly imposed upon him by the Vanderburgh Circuit Court. The petition was denied.

The facts in the case are as follows: In 1953, appellant was charged with the crime of issuing a fraudulent check. The pertinent allegations of the affidavit stated:

> "[T]hat Finis M. Woodall . . . did then and there by color and aid of a check on the Exchange National Bank of Chicago, . . . for the payment of money . . . obtain from George Wessel . . . ($25.00) in lawful and current money on the United States of America which was then and there delivered to said Finis M. Woodall in exchange for said check, when the said Finis M. Woodall, maker of said check, was not then and there entitled to draw on the said bank for the sum specified therein, the said Finis M. Woodall thereby intending to defraud the said George Wessel . . ." Record, p. 4.

Appellant entered a plea of guilty to said affidavit and the court thereafter entered a judgment sentencing appellant to the Indiana State Prison for a period of not less than one nor more than ten years, the penalty prescribed under Acts 1927, ch. 201, §6, p. 576 [§10-2105, Burns' 1956 Repl.].

In his petition for correction of judgment, appellant asserts that the prosecution in the cause under which he was charged and convicted was, in fact, based upon Acts 1905, ch. 169, §678, p. 584 [§10-2104,

Burns' 1956 Repl.], which statute provides for an indeterminate sentence in the state prison of not less than one [1] year nor more than five [5] years; that the charge was not under §10-2105, and, therefore, that the sentence of one to ten years under said section was contrary to law. However, the trial court denied appellant's petition to correct the judgment, stating that the judgment was grounded upon the fact that "the said defendant was not tried under section 10-2104 of said Statues [sic.], but under section 10-2105." Record, p. 28.

The answer to the issue here presented lies in the distinguishing characteristics of the two statutes. Under §10-2104,[1] present *knowledge* of the insufficiency of funds on deposit is not an essential element of the crime. However, under §10-2105,[2] such *knowledge* is expressly made an element of the offense. In the

---

1. "Whoever, with intent to defraud, or by color or aid of a check, draft or order for the payment of money or the delivery of property, although no express representation is made in reference thereto, obtains from another any money or property, when the drawer or maker of such check, draft or order is not entitled to draw on the drawee for the sum specified therein, or to order the payment of the money or the delivery of the property, shall, on conviction, be fined not less than one hundred dollars [$100] nor more than five thousand dollars [$5,000], to which may be added imprisonment in the state prison not less than one [1] year nor more than five [5] years." Acts 1905, ch. 169, §678, p. 584 [§10-2104, Burns' 1956 Repl.].

2. "Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, or who, in the payment of any obligation, shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, *knowing at the time* of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: . . ." Acts 1927, ch. 201, §6, p. 576 [§10-2105, Burns' 1956 Repl.].

case at bar the affidavit is in the language of §10-2104; *knowledge* of the insufficiency of funds *is not alleged* as required under §10-2105.

The same question was presented to this court in the case of *McCormick* v. *State* (1954), 233 Ind. 281, 119 N. E. 2d 5. In the *McCormick* case, as in the present case, this court observed that the affidavit did not "allege that the appellant *knew* at the time of the making, etc., of said check that he. did not have sufficient funds in or credit with the bank for the payment of such check in full upon its presentation." *Id.* at 284. [Emphasis added.]

The necessity of the above allegation, as an element of the charge in the 1927 Act, ch. 201, §6, p. 576 [§10-2105, Burns' 1956 Repl.], was stated in the Mc-Cormick case at pp. 284-285 as follows:

> "In *Borton* v. *State* (1952), 230 Ind. 679, 106 N. E. 2d 392, we pointed out that the 1927 Act was enacted for the purpose of creating a new and distinct offense. We said that the 1927 Act states all of the elements of the offense and pointed out that the offense defined by the 1927 Act 'is not for executing a check, when there are insufficient funds in the bank to pay it. The offense is for executing a check '*knowing at the time*' of such execution that the maker 'has not sufficient funds in or credit with such bank . . . for the payment of such check, . . . in full upon its presentation . . . .' "

Also in *Hazelgrove* v. *State* (1957), 237 Ind. 350, 351-352, 145 N. E. 2d 13, this court said:

> "Section 10-2105, Burns' 1956 Repl., is limited to cases where the defendant knew at the time of making, drawing, uttering or delivering, that the maker or drawer of the check, draft or order did not have sufficient funds in or credit with such bank, depository, person, firm or corpora-

tion for the payment thereof in full upon its presentation."

It is clear from the acts, themselves, and the above cited decisions of this court that where *knowledge* of the insufficiency of funds to cover payment of the check is not alleged as an element of the offense of issuing a fraudulent check, the charge is under §10-2104 and not under §10-2105.

The appellant having been charged under §10-2104 and having pleaded guilty to that charge, the trial court had no authority to impose any sentence of imprisonment other than that provided under the specific act. The penalty prescribed by such act is for an indeterminate sentence of not less than one [1] nor more than five [5] years. The judgment of the court which ordered the appellant committed for a period of not less than one [1] nor more than ten [10] years (under §10-2105) was without authority and therefore contrary to law.

The judgment of the trial court is therefore ordered set aside and said court is ordered to correct retroactively, as of May 27, 1953, the judgment imposed upon appellant so that such sentence conforms to the term of imprisonment specified in Acts 1905, ch. 169, §678, p. 584 [§10-2104, Burns' 1956 Repl.], and the trial court is further ordered to cause a certified copy of such corrected judgment to be delivered to the warden of the Indiana State Prison.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 910.