ESTILL BAILEY *v*. STATE OF INDIANA.

[No. 3-873A106. Filed July 30, 1974.]

*Dale S. Ellis,* of DeMotte, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Estill Bailey (Bailey) was convicted of theft following a trial to the court and sentenced to imprisonment for a period of one year. His motion to correct errors was overruled, and this appeal was perfected.

The evidence most favorable to the State establishes that in September, 1971, Bailey drove three companions in his car to Lake County. They were looking for a car to steal. A 1960 Oldsmobile and a 1961 Chevrolet were stolen by two of Bailey's companions while Bailey waited for them in his car. Bailey and his three companions drove the respective cars to Jasper County, their county of residence. After his arrest, Bailey was charged by affidavit with the theft of the 1960 Oldsmobile under IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1956).

Bailey contends that the affidavit's allegations of a theft in Jasper County were inadequate to apprise him of the nature of the charge. This alleged error was not raised by Bailey's motion to correct errors and is waived unless the doctrine of fundamental or plain error may properly be invoked. To invoke this doctrine, substantial prejudicial error by the trial court or trial counsel affecting a defendant's constitutional rights must be shown upon the face of the record. *Kennedy* v. *State* (1972), 258 Ind. 211, 280 N.E.2d 611; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848; *Ervin* v. *State* (1973), 158 Ind. App. 594, 303 N.E.2d 835, 39 Ind. Dec. 660. It is beyond question that a defendant's right to be apprised of the nature of the charge against him is of constitutional origin. Therefore, the charging affidavit here at issue must be examined to determine if it prejudiced Bailey's right.

Our Supreme Court discussed the standards of specificity that must be met in order to adequately apprise a defendant of the nature of the charge against him in *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686. Therein, at 11 of 260

Ind., at 690 of 291 N.E.2d, the court stated these standards in the following manner:

"In this state, the offense charged in the indictment must be stated with such certainty that the accused, the court, and the jury may determine the crime for which conviction is sought. IC 1971, 35-1-23-25 [Burns' Ind. Stat. Ann. § 9-1126 (1956 Repl.)]; Thomas v. State (1968), 251 Ind. 76, 238 N.E.2d 20; rehearing denied; *See also* Noel v. State (1966), 247 Ind. 426, 215 N.E.2d 539 rehearing denied. The defendant must be given sufficient information to enable him to prepare his defense and to assure that he will not twice be put in jeopardy for the same crime. Ind. Const. [A]rt. I, § 13; *See* State v. Brown (1935), 208 Ind. 562, 196 N.E. 696. However, certain details may be omitted and a motion to quash may properly be denied unless the indictment is so uncertain and indefinite that the nature of the charge cannot be ascertained. IC 1971, 35-1-23-26 [Burns' Ind. Stat. Ann. § 9-1127 (1956 Repl.)] Kennedy v. State (1935), 209 Ind. 287, 196 N.E. 316 rehearing denied."

The affidavit here at issue charged Bailey with the theft of a certain automobile from a certain person on or about a certain day in Jasper County. The affidavit, omitting caption and formal parts, reads as follows:

## "ESTILL BAILEY

on or about the 27th day of September, 1971, at and in the County and State aforesaid, did then and there unlawfully commit the crime of theft in that he obtained and exerted unauthorized control over the property of another, to-wit: a 1960 Oldsmobile, Serial No. 608M30384, belonging to James Guzzo with the intent to deprive the said James Guzzo permanently of the use and benefit of said property."

The affidavit states the charge with certainty. Any defendant would be able to prepare a defense to the affidavit's charge and it would not subject him to double jeopardy.

However, the record discloses that this charge was not proven by the State. It proved that a theft was committed in Lake County and the property obtained in such theft was removed to Jasper County. We are thus confronted with a variance of the proof from the charges in the affidavit.

Variances between the allegations of an affidavit and the proof upon trial are prohibited where the variance is material and of such a nature as to mislead a defendant in the preparation of his defense, or to likely subject him to double jeopardy. *Boyd* v. *State* (1971), 256 Ind. 22, 266 N.E.2d 802, 24 Ind. Dec. 587; *Payne* v. *State* (1970), 254 Ind. 100, 257 N.E.2d 818, 21 Ind. Dec. 282. As stated above, the proof introduced by the State upon the trial of this cause tended to show a crime substantially different in content and locale from the crime charged. The prejudice to the preparation of Bailey's case resulting from this variance is apparent.

Because of the theft in Lake County and the transportation into Jasper County, the State probably intended to charge Bailey with a theft in Jasper County under the authority of IC 1971, 35-1-2-8, Ind. Ann. Stat. § 9-209 (Burns 1956), as interpreted by *Martin* v. *State* (1911), 176 Ind. 317, 95 N.E. 1001.

IC 1971, 35-1-2-8, *supra,* which has since been repealed,[1] provided:

"When property taken in one county by burglary, robbery, larceny or embezzlement has been brought into another county, the jurisdiction is in either county."

*Martin* v. *State, supra,* in interpreting the above statute, held that the taking of stolen property in one county into a different county constitutes a fresh theft, which may be tried in the latter county. Thus, a defendant could have been properly charged with a theft in Jasper County under IC 1971, 35-1-2-8, *supra,* as construed by *Martin* v. *State, supra.*

However, as stated by our Supreme Court in *McCormick* v. *State* (1954), 233 Ind. 281, at 285-286, 119 N.E.2d 5, at 7:

"Although words used in a statute to define a public offense need not be strictly pursued, since other words conveying the same meaning may be used, Burns' 1942 Repl., § 9-1105, *'(T)he accused has a right to have all the essential elements*

---

1. IC 1971, 35-1-2-8, Ind. Ann. Stat. § 9-209 (Burns Supp. 1973), was repealed by Acts 1973, P.L. 325, § 5.

*that enter into the offense, charged in the affidavit, so that he may know what he has to meet, whether those elements are expressed in terms in the statute, or enter into the offense by construction.' Borton* v. *State, supra.* [(1952), 230 Ind. 679, 106 N.E.2d 392]. 'The offense must be charged in direct and unmistakable terms, and the charge must be such that the defendant may know definitely what he has to meet, and that the court may know the crime intended to be charged.' *Bruce* v. *State* (1951), 230 Ind. 413, 104 N.E. 2d 129." (Emphasis supplied.)

Since the affidavit in question here did not allege the material elements of theft in one county and transportation into a second county necessary to the constructive theft charge authorized by *Martin* v. *State, supra,* the defendant could not have been convicted of that crime.

Furthermore, as stated above, the State failed to prove the offense the affidavit actually charged. As a result, the defendant's conviction was improper.

This cause is reversed and remanded to the trial court.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 314 N.E.2d 755.