HAMILTON v. THE STATE.

CRIMINAL LAW.—*Larceny of "Lawful Money of the United States."*—*Evidence.* —Under an indictment for the larceny of a certain sum " of the lawful money of the United States," the denominations of which are alleged to be unknown to the grand jury, the evidence must, to warrant a conviction, show a larceny by the defendant of " lawful money " of the United States.

SAME.—*National Bank Notes.*—Evidence, in such case, of a larceny of notes issued by a National Bank is insufficient.

From the Howard Circuit Court.

*N. P. Richmond, J. W. Kern* and — *Moore,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—The appellant was indicted in the court below for grand larceny, and, upon a plea of not guilty, was tried by the court and found guilty, and sent to the penitentiary.

Motions for a new trial and in arrest of judgment overruled, and exceptions.

The first error assigned is upon the ruling of the court, in overruling the motion for a new trial.

The indictment charged the appellant with the larceny of "seventy-five dollars of the lawful money of the United States," the property of Isaiah Hullinger, and it was alleged that a more particular description of the property was to the grand jurors unknown.

The evidence is all in the record; and, conceding, without deciding, that a case of larceny was made out, there was no evidence whatever that the money claimed to have been stolen was money of the United States. "Lawful money of the United States" might consist of gold or silver coin, or United States Treasury notes and the fractional currency. Perhaps it might be inferred, from some circumstances, that the money alleged to have been stolen was paper money; but, if so, there was no evidence from which it could be inferred that it was paper money of the United States. The notes of the national banks furnish a large portion of the circulating medium; and, for aught that appears, the money in question may have been the notes of such banks.

The notes of the national banks are in no sense money of the United States. The State, having alleged that the money stolen was of the money of the United States, was bound to prove the allegation as made. See *State* v. *Jackson*, 30 Me. 29.

This view renders it unnecessary that we should consider other grounds on which a new trial was asked. A new trial will have to be granted, hence we need not consider any question arising on the motion in arrest.

The judgment below is reversed, and the cause remanded for further proceedings.

The clerk will give the proper notice for the return of the prisoner.

Opinion filed at the May term, 1877.                    REP.