## MORGAN v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*— *Particularity of Description of Property Stolen.*—*Evidence.*—Where an indictment for larceny contains a particular, though unnecessary, description of the property alleged to have been stolen, by way of identifying it, the evidence must, to warrant a conviction, establish such description.

SAME.—*Variance.*—Evidence of the larceny of a "Smith & Wesson" revolver will not justify a conviction under an indictment charging the larceny of a "Smith & Weston" revolver.

From the Montgomery Circuit Court.

*J. R. Courtney*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

NIBLACK, C. J.—The appellant, James Morgan, was prosecuted in the court below, on an indictment containing two counts.

The first count was for burglary; the second for grand larceny. There was a trial and a conviction upon the second count of the indictment.

The principal article with which the appellant was charged with stealing was a "Smith & Weston" revolver, valued at eight dollars.

On the trial, August Mayer, the prosecuting witness, testified, amongst other things, that he had lost a pistol worth eight dollars, at the time alleged in the indictment. A pistol was then handed to the witness, which he identified as the one he had lost. The pistol thus identified was known as a "Smith & Wesson" revolver, and was, over the objection of the appellant, admitted in evidence to the jury.

At the proper time the appellant asked the court to instruct the jury, that "proof that a 'Smith & Wesson' revolver was taken from the witness, August Mayer, will not support the allegation in the indictment that a 'Smith & Weston' revolver had been taken from said Mayer," but the court refused to so instruct the jury.

It is a well established rule in criminal proceedings,

that where, in an indictment, a particular description is given by way of identifying an article of property alleged to have been stolen, the State is bound by the description thus given, and that, to justify a conviction, the evidence must sustain the description contained in the indictment. Starkie Ev., 8th Am. Ed., 628; 1 Bishop Crim. Proced., sec. 579; 1 Wharton Crim. Law, sections 592, 610.

Allegations of weight, magnitude, number and value are generally, but not always, exceptions to this rule, but none of these exceptions apply to the case at bar.

Where a chattel has obtained a particular name of its own, it ought to be described by that name, so that the proof will certainly correspond with the description. 2 Russ. Crimes, p. 314; 2 Bishop Crim. Proced., *supra*, section 738.

Where an indictment for larceny contains particulars descriptive of the property stolen, though unnecessarily inserted, such particulars must be proved on the trial. *The State* v. *Jackson*, 30 Me. 29.

In the case before us the description of the pistol was unnecessarily particular, but, having been so inserted in the indictment, it had to be proved as inserted, to make out a case against the appellant.

The State had its option as to the description it should give to the pistol, and, having adopted a particular description, it was bound by it on the trial. *Wertz* v. *The State*, 42 Ind. 161.

We are of the opinion, that there is a material difference, as a matter of description, between the names of "Weston" and "Wesson," and that, in consequence, there was a substantial variance between the description of the pistol in the indictment and the evidence on the trial. *Black* v. *The State*, 57 Ind. 109.

We think the court erred in refusing to give the instruction asked for by the appellant.

The judgment is reversed, and the cause is remanded for a new trial.

The clerk will give the necessary notice for the return of the prisoner.