PREWITT v. STATE OF INDIANA.

[No. 30,263.   Filed April 2, 1964.]

*Robert F. Craven* and *Craven & Healey,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit in the Marion Criminal Court with the crime of robbery. Following application for Writ of Habeas Corpus and Notice of Alibi appellant was tried by a jury, resulting in a finding that appellant was guilty. After presentence investigation judgment was rendered against the appellant upon the verdict of the jury, sentencing him to not less than ten nor more than 25 years in the Indiana State Reformatory. Appellant filed a motion for a new trial predicated on the following grounds:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

Specifications 3, 4, 5, 6 and 7 are alleged errors of

law relating to the ruling by the court on certain questions asked on cross-examination relative to previous arrests of the appellant.

Appellant's assignment of error is on the sole ground that the court erred in overruling appellant's motion for a new trial.

The evidence indicates that on the 12th day of June, 1961, between the hours of 10:00 and 10:30 o'clock one Marie Wright drove up on front of her residence at 1627 N. Talbot Street in the City of Indianapolis, parked her car, walked up on the porch and was putting the key in the door at her apartment. At that time she had her purse under her arm with her arm in the strap, and at that time the defendant jumped up on the south end of the porch, came over to her and grabbed her purse. A struggle ensued during which she was struck several times under the eye, and she and her assailant fell off of the porch where they continued to struggle on the ground for the purse. The strap broke and the defendant, with the purse in his hand, ran around the side of the house and down the alley. The evidence is further to the effect that the purse contained between three and five hundred dollars in cash and checks, a set of diamond earrings that belonged to the great-grandmother of the witness, and other items of small value.

The evidence of the prosecuting witness as to the robbery and the identity of the accused was corroborated by the evidence of several police officers who investigated the occurrence. We might also add that the defendant took the stand in his own behalf and the jurors had the opportunity of observing the witness during his testimony on both direct and cross-examination.

Considering the specifications of the motion for a new trial and lumping specifications 3, 4, 5, 6 and 7 together under the same general grouping for the reason that they relate primarily to questions and rulings on the objections thereto on the question of the defendant's previous arrests. These specifications might be and are disposed of adversely to the appellant for the reason that appellant's counsel, at the trial, opened the door to such questions on direct examination by questions relative to defendant's previous arrests. *Sherwood; Sayer* v. *State* (1961), 241 Ind. 215, 220, 170 N. E. 2d 656; *Stillson* v. *State* (1933), 204 Ind. 379, 383, 184 N. E. 260.

Specifications one and two in the motion for a new trial were as follows:

The verdict of the jury is not sustained by sufficient evidence and the verdict is contrary to law. The appellant's primary position here is that appellant was not sufficiently identified beyond a reasonable doubt by sufficient evidence to sustain a conviction, and that he was not sufficiently linked to the crime in any manner, circumstantial or otherwise to sustain his conviction, and in fact that there was evidence of probative value creating doubt that appellant was at the scene of the alleged robbery, but instead tended to prove he was at some other place during the occurrence of the alleged robbery.

The evidence in this cause was heard by the jury and the defendant was, by the jury, found guilty. Assuming, for the purpose of argument, that the evidence was conflicting, it was the province of the jury to determine that which they would believe and that which they would ignore. It is well established that this court, on appeal, will not weigh conflicting evidence, nor determine the credibility of

the witness on the sufficiency of the evidence. *Denson* v. *State* (1960), 240 Ind. 324, 327, 163 N. E. 2d 749.

Neither will this court say which testimony the jury should believe. *Bange* v. *State* (1958), 237 Ind. 422, 432, 146 N. E. 2d 811.

The judgment is affirmed.

Landis, C. J., Achor, Arterburn and Myers, JJ., concur.

NOTE.—Reported in 197 N. E. 2d 302.