DeBruler *v.* State of Indiana.

[No. 30,734. Filed October 15, 1965.]

2

William C. Erbecker, of Indianapolis, for appellant.

John J. Dillon, Attorney General, and David S. Wedding, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was convicted in the Marion County Criminal Court, Division 2 of rape of one Terri Lee Scott, a female child of the age of fifteen years.

The first question raised on appeal is the claim that there is a fatal variance between the name of the prosecutrix, as alleged in the indictment, to-wit: "Terri Lee Scott", and the name shown by her birth certificate, to-wit: "Beverly Rae Hutchison". The evidence, however, is quite clear on this point. She testified on cross-examination and on re-direct examination, that she went "under the name of Terri Lee Scott", that she signed her name that way, that people called her Terri Lee Scott, that the defendant knew her by that name and that she was commonly known by the name of Terri Lee Scott. We do not find any variance in the affidavit and in the testimony. It is only when there is a variance which has misled the defendant that it becomes material.

Wharton, Criminal Evidence § 95 (10th ed.) is quoted with approval in Acton v. State (1930), 201 Ind. 686, 688, 171 N. E. 197, 198, when it states:

" 'An indictment will not be held bad which gives a popular name as distinguished from a proper name; it will be enough to sustain the averment of a particular name, that the party was usually or popularly known by such name. . . . The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was

exposed to the danger of a second trial on the same charge.' "

In the case of *Roberts et al.* v. *State* (1964), 245 Ind. 185, 197 N. E. 2d 304, the appellants were charged with taking money belonging to "Walt's South Side Market, Inc". The place of business which was robbed was identified variously by witnesses as "Walt's South Side Market", "Walt's Southside Super Market", and "Walt's Supermarket". We held that this was not a material variance and that a place or person may have more than one name by which he is commonly known. We further stated that the test in determining whether a variance is material is whether or not the defendant was misled by the variation in the evidence. No claim is made here that the defendant was misled by the name by which he knew the prosecutrix.

The appellant further contends that the court *on its own motion should have ordered* a psychiatric examination of the prosecuting witness. This Court has settled that question previously in *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98. We held that it was not the mandatory duty of a court to grant such a motion, if made. We need not repeat the reasoning of the court, as set forth in the above case. For the reasons stated, we find no error.

The appellant next contends that he was prejudiced by reason of his trial attorney's filing a plea of insanity on his behalf. There is some justification for the appellant's attorney doing this, since the appellant had previously spent eighteen months at the Indiana Hospital for the Insane Criminal at Michigan City. The evidence shows further that the attorney was justified in his actions, since the appellant desired to avoid trial as long as he could, and as a result of the insanity plea the appellant got a continuance. The appellant's attorney further testified that the appellant did not plainly and unequivocally direct that no such plea be made. It seems that the appellant desires to get the benefit of the

plea, but when it avails him nothing, then he wishes to predicate error upon such a defense. One may speculate that if the plea had not been filed, then the appellant would now claim error because his attorney had failed to properly raise such a defense.

The appellant further urges that his court-appointed counsel failed him in not filing a motion for a psychiatric examination of the prosecuting witness, in not using certain witnesses and in filing his plea of insanity, and he wishes to disavow the acts of his attorney or his failure to act in these respects.

We have previously pointed out that a defendant in either a civil or a criminal case where he has counsel, and whether he be a pauper or a rich man, is bound by the acts of his counsel in the trial of a cause. There could be no legal processes worth the name of a judicial proceeding were it otherwise. So long as counsel is competent, clients must either choose to represent themselves or be represented by an attorney skilled in such proceedings. They cannot have their cake and eat it. They cannot take the benefits of counsel's services if they win and then reject the services if they lose. On this point we have said:

"Appellant, however, makes the plea that this is a papuer appeal and for that reason the proper procedure for raising such alleged error on appeal should be ignored in his case. Our answer to that is that the appellant was assigned competent counsel at public expense at the trial and in the appeal for the purposes of representing him. A pauper has no greater rights than a person who is not a pauper in trial or on an appeal. A pauper with counsel has no right to a waiver of rules of procedure in his case. To do so would be to discriminate in favor of a pauper as against a person with property. We can find no reason or authority in law for such discrimination. When a pauper is assigned counsel, he must take the consequences of the actions of his counsel, the same as a person who pays for his own counsel. Bullard v. State (1964), 245 Ind. 197, 197 N. E. 2d 295; State ex rel. Macon v. Orange Circuit Court (1964), 245 Ind. 269, 195 N. E. 2d 352." *Higgins* v. *State* (1964), 246 Ind. 62, 202 N. E. 2d 569, 570.

5

Finally, appellant contends that the verdict of the jury is not sustained by sufficient evidence. We need not go into detail with reference to this except to say that the ■ evidence of the prosecuting witness is sufficient to sustain the verdict of the jury and it is corroborated by another witness who saw her shortly after the attack and the physical condition she was in. The prosecuting witness was described as hysterical and her face and mouth were bruised and swollen. It is further argued that the venue of the crime is not proved. There is some slight conflict in the evidence, but there is sufficient evidence from witnesses who stated that it did occur in Marion County. A police officer definitely stated the area where the attack occurred was in Marion County.

We find no reversible error, and the judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ. concur. Jackson, C. J. concurs in result.

NOTE.—Reported in 210 N. E. 2d 666.