KIRK *v.* STATE OF INDIANA.

[No. 31,049.  Filed April 19, 1968.]

*C. Kent Carter,* of Bloomington, for appellant.

*John J. Dillon,* Attorney General, *William F. Thompson* and *Rex P. Killian,* Deputy Attorneys General, for appellee.

JACKSON, J.—Appellant was charged by indictment in two counts filed in the Monroe Circuit Court, with the crimes of,

Count 1, Grand Larceny, and Count 2, Obtaining Property Under False Pretense. Trial was had by jury which returned a verdict of guilty of the charge of Grand Larceny and not guilty of the crime of Obtaining Property under False Pretenses. Following the conviction appellant filed her Motion for a New Trial which was overruled by the court, and appellant thereupon perfected her appeal herein.

The indictment herein, Count 1 for Grand Larceny, omitting formal parts thereof and signature, reads in pertinent part as follows:

"The Grand Jurors of Monroe County, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies, and certain misdemeanors in and for the body of said County of Monroe in the name and by authority of the State of Indiana, on their oaths present that Peggy Jo Kirk, late of said County on the 23rd day of February A.D. 1963 at said County and State aforesaid, did then and there unlawfully, feloniously, take, steal and carry away the personal property of Elwood Stevenson, the sum of Two Thousand Dollars ($2,000.00) in lawful United States currency, then and there of the value of Two Thousand Dollars ($2,000.00), contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The verdict of the jury reads as follows:

"We, the Jury, find the defendant, Peggy Jo Kirk, guilty of Grand Larceny as charged in the approved indictment, that her true age is 25 years, that she be fined in the sum of $500.00 (filling in any sum not exceeding $500.00) that she be disfranchised for a period of 1 year."

Thereafter pre-sentence investigation was filed and on the 3rd day of December, 1964, the court rendered judgment on the verdict of the jury as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT the defendant is guilty of Grand Larceny, that her true age is that of 25 years and that she be and hereby is fined in the sum of $500.00 and the costs of this action and that she be and hereby is

disfranchised and rendered incapable of holding any office of trust or profit for a period of 1 year from this date and that she be and hereby is sentenced to the Superintendent of the Indiana State Women's Prison for a period of not less than 1 year nor more than 10 years."

Appellant's Motion for a New Trial in pertinent part reads as follows:

"Comes now the defendant, by her attorney, C. Kent Carter, and respectfully moves the Court that a new trial of this cause be granted upon the following grounds and for the following reasons:

. . . .

5. Error of law occurring at the trial, in that the Court erroneously overruled the defendant's motion for directed verdict filed at the conclusion of the State's case in chief.

6. That the verdict of the jury is contrary to law.

7. That the verdict of the jury is not sustained by sufficient and competent evidence.

WHEREFORE the defendant prays the Court for a new trial of said cause."

Appellant's Assignment of Errors in pertinent part reads as follows:

"The appellant, Peggy Jo Kirk, respectfully shows to the Court that there is manifest error in the judgment and proceedings of the trial court in this:

1. That during the trial and specifically upon the resting of the State, the defense moved the Court to dismiss the indictment because of the State's failure to prove the allegations of indictment. The indictment alleged the Appellant received Two Thousand Dollars ($2,000.00) in United States currency but State introduced only evidence of a Two Thousand Dollar ($2,000.00) check. The Court overruled said motion.

. . . .

3. That subsequent to said trial and the defense filed with the Court a motion for a new trial. Said motion was overruled and the defense assigns as error the Court's overruling of that motion.

WHEREFORE, the appellant prays that the judgment rendered herein be reversed, and that the appellant be

granted a new trial and for such other relief as the appellant may be entitled to."

There are two questions presented in this appeal. The first is a material variance existing in the indictment and the proof offered in support of the indictment. The indictment charged the appellant with grand larceny in the sum of Two Thousand Dollars ($2,000.00) "in lawful United States currency". The evidence adduced at the trial showed that the appellant did not receive Two Thousand Dollars ($2,000.00) in lawful United States currency from one H. Elwood Stevenson, but instead received from him a savings account check drawn on Workingmen's Federal Savings and Loan Association, dated February 23, 1963, made payable to Elwood Stevenson and endorsed by him and by the appellant. Said check was introduced in evidence by the State as State's Exhibit No. 7.

The second question is with reference to the intent. The indictment charges that the appellant, "did then and there unlawfully, feloniously, take, steal and carry away the personal property of Elwood Stevenson. . . ." The question of intent in the case at bar is one of the controlling factors.

The law in this state concerning grand larceny, as it refers to the description of money or property as charged in the indictment as being unlawfully or feloniously carried away may be stated as follows:

". . . it shall be sufficient to describe such money, bills, notes or currency, simply as money, without specifying any particular coin, note, bill or currency. . . ." Acts 1905, ch. 169, § 187, p. 584, being § 9-1118 Burns' 1956 Replacement.

In *Hamilton* v. *State* (1877), 60 Ind. 193, the appellant had been indicted for grand larceny, was tried and found guilty. The indictment was for larceny "of the lawful money of the United States". Evidence of the larceny of notes issued by a national bank in this instance was held insufficient. The

court in reversing the conviction said: "The State, having alleged that the money stolen was of the money of the United States, was bound to prove the allegation as made".

In *Morgan* v. *State* (1878), 61 Ind. 447, the court, in reversing the conviction held that where an indictment for larceny contains a particular though unnecessary description of the property alleged to have been stolen, by way of identifying it, the evidence must to warrant a conviction establish such description.

Referring again to the second question herein this Court has often said:

"This court can not weigh evidence, but must determine whether there is substantial evidence of probative value from which a jury could reasonably have inferred that appellant was guilty of the crime." *Baker* v. *State* (1956), 236 Ind. 55, 61, 138 N. E. 2d 641.

In the case at bar the State put on the stand, as their witness, H. Elwood Stevenson who testified he had loaned appellant various sums and had never asked that they be repaid nor had he asked for the interest thereon. After reviewing the evidence herein we must conclude there is not sufficient substantial evidence of probative value to sustain the verdict of the jury and the judgment of the court.

The cause is reversed and remanded with instructions to sustain appellant's motion for a new trial.

Lewis, C. J. and Hunter and Mote, JJ. concur; Arterburn, J. concurs in result.

NOTE.—Reported in 235 N. E. 2d 684.