PAYNE *v.* STATE OF INDIANA.

[No. 669S136. Filed May 8, 1970. No petition for rehearing filed.]

*Norbert L. Wyss, Kenneth M. Waterman,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson* and *Aaron T. Jahr,* Deputies Attorney General, for appellee.

HUNTER, C.J.—Appellant in this case was charged by affidavit with theft. Upon a plea of not guilty, appellant was tried before a jury and found guilty. The jury verdict resulted in a sentence to the Indiana Reformatory for a period of not less than one (1) year nor more than ten (10) years and costs.

The sole assignment of error on this appeal is the overruling of appellant's motion for new trial. In that motion, appellant sets forth the following arguments as constituting error:

(1) the trial court erred in limiting the defendant's cross-examination of the primary witness for the state regarding the registration, ownership and licensing of guns other than the allegedly stolen gun;

(2) the trial court erred in allowing, over objection, a police officer to testify regarding certain laws and statutes;

(3) the trial court erred in giving the state's tendered instruction number eight (8) which, according to appellant, was not consistent with the affidavit;

(4) the evidence was insufficient to support the verdict of the jury in that there was no evidence to support a finding that the appellant obtained and exerted unauthorized control over the joint property of one William Habig and Ronald Bowman.

The evidence most favorable to the state discloses the following facts: William Habig and Ronald Bowman, on the evening of October 11, 1967, decided to go to Fort Wayne, Indiana. Habig drove his car, a 1967 Mustang, which was equipped with a stereo tape player. Several stereo tapes were in the car. Bowman took along a .380 Beretta pistol belonging to his father which was placed in the back seat on the floor in a holster.

Sometime in the early morning of October 12, the men parked the car and apparently went into a nearby house. While Habig and Bowman were in the house, two police officers happened to pass by the car and noticed two negro males, one of whom was appellant, sitting in the car. Earlier the policeman, who were patrolling the area, had noticed two caucasian males riding around in the auto. Their suspicions apparently aroused, the policemen stopped and observed that the stereo tape player attached to the dash of the car had been partially removed and that the contents of the glove compartment were scattered on the seat and the front floor of the automobile.

Habig and Bowman returned shortly thereafter and told the policemen that they had locked the car before leaving. Bowman related that he had left the Beretta pistol, its holster and a billfold containing $92 before he left. According to

Habig there had been approximately eight stereo cartridges in the car and that the stereo tape player had been securely fastened. The pistol, money, and stereo tapes had all been removed from the car.

Following this encounter, appellant was searched at which time approximately $482 in cash was taken from his person. Included among the bills was a half of a dollar bill. Bowman identified the dollar bill cut in half by its serial number as the one he used in his employment in aligning bill changers.

The pistol and stereo tapes were not recovered at this time. However, the Beretta pistol was recovered several days later when another police officer had occasion to stop the driver of an automobile being driven with plates registered to another car. Appellant was riding in the car at the time and while the driver walked back to the patrol car, appellant opened the door about four inches and attempted to place two guns underneath the car. One of the guns proved to be the Beretta pistol taken earlier from Bowman.

Turning to the alleged error assigned by appellant, we consider first the question of whether the trial court erred in limiting the cross-examination of Bowman, the state's witness, regarding the registration, ownership and licensing of guns other than the gun allegedly stolen. It is appellant's contention that had he been allowed to establish that Bowman owned many other guns for which he had a registered record, for which he had a license and for which he had a serial number, then he would have succeeded in discrediting the testimony of Bowman and could have made the argument that the Beretta did not belong to Bowman since it was not licensed nor was there a record of its registration. It is appellant's theory apparently that if Bowman owned other guns and they were licensed *and* registered, a doubt would be raised as to his ownership of the Beretta pistol.

The well established rule is that the extent and scope of cross examination are within the sound discretion of the

trial court and there can be a reversal only for an abuse of such discretion. *Polson* v. *State* (1965), 246 Ind. 674, 207 N. E. 2d 638; *Farley* v. *State* (1962), 243 Ind. 445, 185 N. E. 2d 414; *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736; *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822. Certainly this court cannot say that the refusal to allow appellant to continue the line of cross-examination in question resulted in sufficient prejudice to appellant to constitute reversible error. Appellant appears to have overlooked one crucial factor, namely the actual ownership of the pistol. Even had appellant established that Bowman did, in fact, own other pistols, that fact would have been of dubious value to the jury since the evidence clearly showed that the Beretta belonged to Bowman's father. Obviously the fact that Bowman licensed and registered *his* pistols would in no way prove or disprove his father's ownership and his (Bowman's) rightful possession of the Beretta.

We turn next to the question of whether the trial court committed error in allowing Police Officer Cook to testify on matters requiring an opinion as to what the law was relative to the licensing and registration of guns. It appears from the record that appellant was attempting to question the propriety of Bowman's carrying an unlicensed and apparently unregistered pistol. To rebut the impression thought to be created in the minds of the jury from this testimony, the state asked the officer if the carrying of an unlicensed and unregistered gun at the time the theft occurred would have constituted a violation of the law. This court need not pass on the question of whether the admitting of the police officer's response was improper. In view of the fact that appellant is on trial for theft, and not Bowman for the illegal possession of firearms, we fail to see how the introduction of this evidence could have prejudiced appellant.

Appellant's third allegation of error is that the trial court erred in giving the state's tendered instruction number eight which reads as follows:

"I instruct you that unexplained, exclusive possession of recently stolen property is a circumstance from which a court or jury may infer guilt of the crime of theft.

So in this case, if you find from all the evidence that the defendant, Frank Payne Jr., had unexplained, exclusive possession of property which had been recently stolen *from either or both* Ronald Kay Bowman or William Clyde Habig, you may consider this fact, together with all of the other evidence in this case, as evidence of the defendant's guilt as charged of the crime of theft." (emphasis added)

It is appellant's contention that the instruction is not predicated on the affidavit since the affidavit alleges that the stolen property belonged to Habig *and* Bowman while the instruction reads *"from either or both."* The failure of the instruction to conform to the affidavit, however, is not fatal to the conviction in this case. Where there is a variance between the affidavit and the proof, this court has held that it must be of such a nature as to have misled the defendant in the preparation of his defense or be of such a degree as to be likely to place him in double jeopardy. *Majors* v. *State* (1969), 252 Ind. 672, 251 N. E. 2d 571; *DeBruler* v. *State* (1965), 247 Ind. 1, 210 N. E. 2d 666; *Roberts* v. *State* (1964), 245 Ind. 185, 197 N. E. 2d 304; *Madison* v. *State* (1955), 234 Ind. 517, 130 N. E. 2d 35. A situation similar to that presented by the case at bar existed in the case of *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N. E. 2d 156. In that case the defendant was charged by indictment with conspiracy to commit second degree burglary of a tavern owned jointly. The proof, however, showed that the tavern was only owned by one of the two persons alleged in the indictment to be the owners. This court there held that the variance did not constitute reversible error because there was no evidence of prejudice resulting to the defendant. Such would appear to be the case here also.

Finally appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law. Appellant's assertion here is that the state failed to prove joint ownership

of the property and would appear to be of the same nature as appellant's objection to the instruction. We fail to see in what way appellant was prejudiced by the fact that the affidavit charged the exertion of unauthorized control over the property of Habig and Bowman while the proof showed that the property stolen belonged to Habig and Bowman individually. The affidavit does not allege joint ownership except insofar as it may be so interpreted by the use of both names connected by "and." Clearly the affidavit is just as susceptible to the interpretation that some of the property stolen belonged to each individually. However, without a showing of prejudice by the appellant we need not pass specifically on the question of whether the affidavit does allege joint ownership. There is no error and the evidence is sufficient to sustain the conviction. We see no reason to indulge further in this semantic exercise.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 257 N. E. 2d 818.