ADAMS; WARE *v.* STATE OF INDIANA.

[No. 369S64. Filed August 11, 1970. Rehearing denied December 17, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellants were charged by affidavit with the crime of robbery by putting in fear. Said affidavit reads in pertinent part as follows:

"(T)hat RICHARD ADAMS and CALLAHAN WARE on or about the 10th day of October, 1967, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting GORDON MEIRING in fear, take from the person and possession of the said GORDON MEIRING, money then and there of the value of ONE THOUSAND DOLLARS ($1000.00) in lawful money, which property the said GORDON MEIRING then and there lawfully held in his possession and was then and there the property of SEVEN-ELEVEN SUPER MARKETS, INC., a corporation, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On October 18, 1967, appellants each waived arraignment and entered a plea of not guilty to the above-mentioned charge. On May 5, 1968, each waived his right to trial by jury. Appellants filed, on October 22, 1968, a Petition for Statements and Witnesses, said petition reading in pertinent part as follows:

"Come now the defendants, Richard Adams and Callahan Ware, and would show the Court:

1. That in order to properly prepare their defense, it is necessary that they know who the witnesses are which the State of Indiana intends to produce against them.

2. That in order to properly prepare their defense, the defendants need copies of any and all statements of any witnesses which the State of Indiana intends to use in the prosecution of this case against them.

WHEREFORE, defendants pray that the State of Indiana be ordered to allow the defendants' counsel an inspection and copies of statements of any witnesses it intends to produce against these defendants as well as a list of witnesses the State of Indiana might intend to use against the defendants other than those endorsed on the indictment herein, and for all other proper relief."

The relief requested in said petition was granted by the court on November 6, 1968.

On November 26, 1968, defendant-appellant Ware filed a Motion for Separate Trial; said motion reads in part as follows:

"Comes now the defendant, Callahan Ware, and moves the Court for a separate trial for the reason that subsequent to the filing for a Petition for Statements and Witnesses, the defendant was furnished a list of witnesses and report of the alleged robbery and an investigation reveals that the evidence against the two defendants will be substantially different and a joint trial with the other co-defendant would be prejudicial to this defendant.

WHEREFORE, defendant, Callahan Ware, moves for a separate trial and for all other proper relief."

On the same day appellants filed a Motion to Require State to Elect, such motion omitting heading, formal parts and signature, in pertinent part reads as follows, to-wit:

"Come now the defendants and having been served with copies of the alleged robbery, it is indicated that the evidence may be as to robbery, or armed robbery, or grand larceny, or in violation of the 1935 firearms act; and the defendants need to know what evidence they should be prepared to meet.

WHEREFORE, defendants pray that the State be required to elect upon what offense they intend to proceed."
Both motions were overruled by the court on December 4, 1968.

This cause was submitted to the court for trial, without the intervention of a jury, on December 6, 1968.

On December 18, 1968, the State concluded its case in chief with the testimony of the witness Zolton Weisz and rested.

Thereupon the defendants jointly and severally moved to strike out any and all testimony in the case regarding moneys believed to have stolen in a robbery at the Seven Eleven Super Market, Incorporated, for the reason that the money contained in State's Exhibit Four is not in the amount as alleged in the affidavit in this case for robbery, to-wit: one thousand dollars ($1,000.00). The motion was overruled.

Upon the overruling of the motion mentioned above the defendants made the following motion: "And for the record the defendants do jointly and severally move for a dismissal or a discharge of the case for a material variance for failure of the State of Indiana to prove by the best evidence, or by evidence competent and material the sum alleged in the affidavit, to-wit: one thousand dollars ($1,000.00) as Exhibit Four does not constitute that sum of money." The ruling of the court is as follows: "THE COURT: Well, of course, both Exhibits Three and Four were bills. The objection is overruled, or the motion is overruled."

At this time the defendants rested without producing any witnesses.

On December 18, 1968, the defendants-appellants were found guilty as charged, and a pre-commitment investigation was ordered. On January 2, 1969, appellant Adams was sentenced to the Indiana State Reformatory for no less than Ten (10) nor more than Twenty-Five (25) years and disfranchised for five years. Appellant Ware was sentenced to the Indiana State Reformatory for not less than Ten (10) nor more than Twenty-Five (25) years and disfranchised for two years.

On January 10, 1969, appellants filed their motion for new trial which reads in part as follows:

"Come now the defendants in the above entitled cause, and move the Court for a New Trial thereof upon the following grounds and for the following reasons:

1. The Court erred and abused its discretion in denying the defendant Ware's motion for a separate trial.

2. The Court erred and abused its discretion in overruling the defendants' motion to require the State to elect upon which charge it would proceed.

3. The Court erred and abused its discretion in refusing to require the State to furnish the defendants with copies of statements which were shown to have been taken by cross-examination of State's Witness, Gordon Meiring and which had not been produced by the State which denied it had any statements,

4. The Court erred and abused its discretion in overruling the defendants' motion to strike all the evidence as to money taken as the amount introduced into evidence (State's Exhibit No. 4, approximately $160.00) was at a material variance with the amount alleged, $1,000.00.

5. That the Court erred in overruling the defendants' motion for discharge (directed finding of not guilty) for material variance in the proof of a material element, to wit: Proof of $160.00, whereas the affidavit alleged $1,000.00.

WHEREFORE, the defendants pray the Court for a New Trial of said cause."

Said motion for new trial was overruled on January 10, 1969.

Appellants' Assignments of Error are that:

"1. The Court erred in overruling the Motion for a Separate Trial.

2. The Court erred in overruling the Motion for the State to Elect.

3. The Court erred in overruling the Motion for New Trial filed on behalf of both defendants."

From the evidence adduced at trial, viewed in a light most favorable to the State, it appears that on December 10, 1967, appellants entered the Seven-Eleven Supermarket located at 28th Street and Capitol Avenue in the city of Indianapolis and took from Gordon Meiring, the store manager thereof, money in excess of nine hundred dollars ($900). At the time of the robbery both appellants were carrying weapons; Adams had a sawed-off shotgun and Ware had a revolver. Officers Anderson and Keough of the Indianapolis Police Department arrived at the scene just as the appellants were leaving the supermarket. Anderson pursued the subjects on foot, and a short time thereafter arrested appellant Adams approximately one-half block from the scene of the robbery. Within ten minutes after appellant Adams was arrested, Officer Harry Lovell of the Indianapolis Police Department arrested appellant Ware in a vacant house at 2730 N. Illinois Street. A search of Adams' person, pursuant to his arrest, uncovered in excess of $700.00, most of which was wadded up in his coat pockets.

Appellants were brought back to the scene of the robbery shortly after their arrest and were positively identified by Mr. Meiring as the perpetrators of the crime.

The appellants, on appeal, specifically raise three arguments to support their contention that the judgment rendered by the trial court was erroneous and should, therefore, be reversed. (1) Appellant Ware initially argues that the trial court erred and abused its discretion in denying his motion for separate trial due to the fact that the evidence against him was substantially different than the evidence against appellant Adams, and that, therefore, the consolidated trial was prejudicial to his defense. We do not agree. The evidence is undisputed that both appellants actively participated in the robbery and that both carried weapons to aid them in accomplishing their purpose. The only difference, if any, was that appellant Adams was the one who forced the store manager into his office and actually received the stolen money. Such a difference is completely immaterial and does not entitle appellant Ware to a separate trial.

An accused indicted jointly with others is not entitled to a separate trial as a matter of right, but the granting thereof rests within the sound discretion of the trial court. In the case of *Ware* v. *State* (1963), 243 Ind. 639, 189 N. E. 2d 704, this Court stated that:

"The trial court has wide discretion in the matter of granting separate trials to co-defendants in a criminal charge."

There is nothing in the record to indicate that the trial judge in any way abused his discretion in conducting the trial of appellant Ware jointly with his co-defendant or that this appellant was in anywise prejudiced thereby.

(2) Appellants next argue that the trial court erred in refusing to require the State to furnish to defendants' counsel copies of statements which were shown to have been taken from Gordon Meiring, the State having failed to produce said

statements prior to trial although ordered by the court to do so. Appellants rely primarily on the following testimony of the witness, Meiring, on cross-examination to sustain their contention.

"Q. All right, And did you make a written statement as to this matter?

A. No, I did not.

Q. Didn't you—you didn't go to the detectives or the police and write out what happened or sign a statement or anything?

A. No.

Q. Did you make any statement to anybody about it, insurance companies or store people?

A. No.

Q. All right.

A. I am sorry, what do you mean by statements, I'm . . .

Q. Did you sign a statement as to what . . .

A. Oh, I signed nothing.

Q. And did you write out anything that happened or was it written out as to what happened?

A. No, I signed nothing, I didn't sign anything.

Q. All right. Did some police officer write down what you told him as to what happened?

A. Yes, I think so.

Q. Do you remember who the police officer was?

A. No sir, I don't.

Q. Was he a uniform [sic] officer or a detective?

A. Well, there was so many there and it seemed like all of them were writing down something, I couldn't say for sure."

The State's answer to the defendants' petition for statements and witnesses (Tr. p. 40) lists the names of eleven prospective witnesses, whose names allegedly are endorsed on the affidavit, and contains the further statement "The State further asserts that no statements were taken from any person with respect to their cause."

It is clear from Meiring's testimony that no written state-

ments were in fact taken from him by the police. He signed nothing. The most that can be said from an examination of said testimony is that the police merely made some notes for their own use. None of these notes were utilized by the prosecution at the trial of this cause. Consequently, there were no statements to be produced by the State, and appellants' alleged right of inspection thereof is irrelevant. *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873. Appellants were not entitled as a matter of right to a disclosure of the State's case. This Court had previously held that, "We do not require that the State lay bare its case in advance of trial nor that the criminal defendant be allowed a fishing expedition * * *." *Howard* v. *State* (1969), 251 Ind. 584, 244 N. E. 2d 127; *Bernard* v. *State* (1967), 248 Ind. 688, 230 N. E. 2d 536.

(3) Appellants' final argument is that the trial court erred in overruling their motion for discharge for material variance in the proof of a material element, to-wit: proof of $160.00 taken from the Seven-Eleven Supermarket, whereas the affidavit alleged $1,000.00 as the amount stolen. Appellants predicate such argument on the fact that only $160.00 of the more than $700.00 found on appellant Adams' person was admitted into evidence, the remainder being returned to Mr. Meiring, the store manager.

Said specification of error is utterly without merit. Appellants were charged and convicted under Burns Ann. Stat. § 10-4101 which provides:

"Whoever takes from the person of another *any* article of value by violence or by putting in fear, is guilty of robbery * * *." (Emphasis supplied)

Under this particular statute, the value of the thing taken is immaterial. The undisputed evidence here is that appellants took money in excess of $900.00. When appellant Adams was searched shortly after his arrest, in excess of $700.00 was found on his person, $160.00 of which was marked, sent to the

police property room, and eventually introduced and admitted into evidence. In *McCarty* v. *The State* (1890), 127 Ind. 223, 26 N. E. 665, this Court stated:

"Appellant insists that the judgment should be reversed because the State did not prove the value of the property taken from the prosecuting witness. The indictment charged the taking of ten dollars in money * * *. No proof was necessary as to its value, money being the measure of values."

Even assuming arguendo that there had been a variance in the case at bar, it would be of no consequence for the case of *DeBruler* v. *State* (1956), 247 Ind. 1, 210 N. E. 2d 666, holds that:

"* * * the test in determining whether a variance is material is whether or not the defendant was misled by the variation in the evidence."

There is no claim here that appellants were misled to their prejudice.

Judgment affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 775.