GARNET DOBSON *v*. STATE OF INDIANA.

[No. 571S125.  Filed June 21, 1972.]

*O. B. Hanger,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

DeBruler, J.—The appellant and another were charged with theft under an indictment which alleged that they knowingly, unlawfully and feloniously exerted unauthorized control over a portable television set belonging to another with the intent to permanently deprive the owner of the use of the set. The appellant was tried alone, and, having waived a jury trial, was found guilty in the Criminal Court of Marion County of theft in a sum less than $100.00 and sentenced to the Indiana State Farm for one month.

In support of the allegation in the indictment the State relied on the testimony of one witness only. This witness testified that he was the owner of the portable TV set and that in response to a telephone call by his wife the set had been picked up and taken to the shop by a television repairman

sometime in July, 1968. The witness further testified that he went into the repair shop sometime during the following month in order to pick up his television set. He testified that the following exchange took place between the appellant and himself at that time:

"A.   Yes. I told Mr. Dobson that I was in to pick up my TV and told him who I was, and told him that I'd talked to him on the phone a few days prior to my going in, and he told me that the TV was ready and after I had gone in to pick it up, he looked in the shop for it and then he said he remembered that some gentleman had brought in a TV to be repaired and he wanted one that he could watch until his was repaired, and he said that mine was the only portable that he had in the shop at the time, so he let him use mine until his was repaired, and he told me that he would get my TV set the next day. I was to stop by to pick it up at that time.

Q.   And, had you given him permission to loan your TV set out?

A.   No, I had not."

The witness further testified that he made repeated demands for the return of his television set but that he was unable to get his set back. He stated that on about August 22, 1969, approximately one year after the set was taken for repair, he told the appellant that if he did not get his set he was going to hire an attorney. At that time he testified that the appellant told him that he had filed a complaint against the man who had borrowed the television set seeking to recover this set from him, and that as soon as he could recover the set he would return it to the owner. The witness decided against hiring an attorney because of the expense involved and stated that he had not seen his television set since the time it was picked up by the television repairman, some two and one-half years before the trial.

The appellant argues that the above evidence is insufficient as a matter of law to support his conviction. In reviewing

the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. When viewed in this light, there was clearly sufficient evidence in this case to prove that the appellant exerted unauthorized control over the television when he allowed another customer the use of the set without authorization. However, the appellant argues that the evidence was insufficient to prove that the appellant intended to deprive the owner permanently of the use or benefit of his television set. He points to the undisputed testimony indicating that the television set was merely loaned out and that the appellant attempted to get the set back for the owner, apparently going so far as to attempt legal action against the man who had borrowed the television set. Therefore, he argues there is no probative evidence tending to prove an intent to permanently deprive the owner of his television set.

The appellant was indicted under the Offenses Against Property Act, I.C. 1971, 35-17-5-3, being Burns § 10-3030, which provides, in relevant portion:

"A person commits theft when he (1) knowingly:

"(a) obtains or exerts unauthorized control over property of the owner . . . and

"(2) either:

"(a) intends to deprive the owner permanently of the use or benefit of the property. . . ."[1]

___

1. In 1971, this statute was amended to delete the word "permanently" after the word "owner" above but this amendment is not relevant in this case.

The definition section of this Act, I.C. 1971, 35-17-5-13, ■ being Burns § 10-3040, indicates that "permanently deprive" means to:

"(d) sell, give, pledge, loan, encumber, or otherwise transfer any interest in the property or subject it to the claim of a person other than the owner."

There is no question that the appellant did "permanently deprive" the owner in this statutory sense.

The question of the appellant's intent to permanently deprive the owner of the set at the time he transferred possession of the set is for the trier of fact. *Tuggle* v. ■ *State* (1969), 253 Ind. 279, 252 N. E. 2d 796. As we said in *Hanes* v. *State* (1900), 155 Ind. 112, 57 N. E. 704, quoted with approval in *Byassee* v. *State* (1968), 251 Ind. 114, 239 N. E. 2d 586:

"it is impossible to know with absolute certainty, what was operating in the actor's mind; and in such cases it must be arrived at by courts and juries from a consideration of the conduct and natural and usual sequence to which such conduct logically and reasonably points." 155 Ind. at 116.

We hold that the evidence in this case is such that the trier of fact could reasonably infer that the appellant did have the requisite intent to deprive the owner permanently of the use of the set at the time the set was transferrd to the third party. According to the testimony of the owner, the appellant told him that he had loaned the set out but that he would recover it the next day. However, approximately one year later, when the prosecution was instituted, the set had still not been returned. The appellant argues that his statements to the owner demonstrate that he had no intention of permanently depriving the owner of his set. We think that the effect of these self-serving statements can reasonably be given less weight than the objective facts in this case: to-wit, the appellant transferred possession of the television set to a third

party whom he apparently did not know and was unable or unwilling to explain this action or to recover the television set. In addition, another repairman testifying on behalf of the appellant indicated that the man who got the set "on loan" had been interested in buying it. During his testimony he was asked if he remembered the owner coming into the shop. The following colloquy occurred at that point:

"A.  I remember I seen him two times at the shop.
Q.  Mr. Steele was in before you sold the set, is that right?
A.  Yeah, he was in once before we sold the set.
Q.  And . . .
        THE COURT:  Before you what?
A.  Before we sold the set.
        THE COURT:  Sold?
A.  Sold.
        THE COURT:  S-O-L-D, sold?
A.  No, no, not sold. I mean, before the set was missing. I'm sorry. We didn't sell it."

The appellant filed a pre-trial motion to quash the indictment under I.C. 1971, 35-1-23-28, being Burns § 9-1129 alleging that the indictment did not state the offense with sufficient certainty. The trial court overruled this motion and the appellant here assigns that decision as error. The relevant portion of the indictment in question reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Richard Eugene Dye and Garnet Dobson, on or about the 22nd day of August, 1969, at and in the County of Marion and in the State of Indiana, committed the crime of theft in that they knowingly, unlawfully and feloniously exerted unauthorized control over the property of Joseph Steele, to-wit: one 22 inch Philco Portable Television Set, of the value of One Hundred Five and 00/100 Dollars ($105.00), over which property the said Richard Eugene Dye and Garnet Dobson were exercising control by reason of authority extended by the said Joseph Steele, the said Richard Eugene Dye and Garnet Dobson then and there intending to deprive Joseph

Steele permanently of the use and benefit of said property, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

As we said in *Robinson* v. *State* (1953), 232 Ind. 396, 112 N. E. 2d 861:

"The defendant has the right to require that a charge against him be made with such certainty as will enable him to distinguish it from other violations of the same statute, and with such particularity as will enable him to anticipate the proof which may be adduced against him and prepare to meet it. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder." 232 Ind. at 398.

In our opinion the above affidavit meets this test. The affidavit clearly specifies the section of the statute under which the appellant was charged and in the context of this case there is no question but that the appellant would have been able to anticipate the proof to be adduced against him. The indictment specifically indicates the object in question, a portable television set, and indicates that the appellant was in lawful possession at the time the unauthorized control of the set was exerted.

The appellant also urges that the indictment was deficient in that it did not state on its face that Joseph Steele was the owner. However, the indictment states that the television was the "property of" Joseph Steele and that it was in the hands of the appellant "by reason of authority extended by the said Joseph Steele". In Burns § 10-3040, *supra,* the term "owner" is defined as follows:

"(12) 'Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property."

Clearly, the indictment indicated that Joseph Steele was the owner of the set in the above sense. *Gunder* v. *State* (1968), 250 Ind. 689, 238 N. E. 2d 655.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 771.