ROY E. WILSON *v.* STATE OF INDIANA.

[No. 2-174A5. Filed July 3, 1975.]

*Julian D. Pace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Appellant (Wilson) was charged by affidavit dated February 11, 1972, with robbery, commission of robbery while armed, and violation of the 1935 Firearms Act.

The affidavit read, in part, as follows:

"Count One
. . . Roy E. Wilson on or about the 9th day of January . . . did then and there unlawfully, feloniously, forcibly by violence and putting Jim Leslie in fear, take from the person and possession of the said Jim Leslie, money then and there of the value of six dollars ($6) in lawful money, which property the said Jim Leslie then and there lawfully held in his possession and was then and there the property of Imperial Oil Co. of Indiana, Inc., . . .

Count Two
The affiant aforesaid, upon his oath aforesaid, further says that Roy E. Wilson, on or about the 9th day of January, A.D., 1972, at and in the County of Marion and State of Indiana, did then and there unlawfully and feloniously, being over the age of sixteen (16) years of age, commit the crime of robbery, a felony, while armed with a dangerous or deadly weapon, to-wit: a 38 caliber pistol, held in the hand of Roy E. Wilson in that he did then and there unlawfully, feloniously, and forcibly by violence and putting Jim Leslie in fear, take from the person and possession of

the said Jim Leslie money, then and there of the value of six dollars ($6), in lawful money, which property the said Jim Leslie then and there held in his possession and was then and there the property of Imperial Oil Co., Inc. . . ."

Following a bench trial, Wilson was found guilty of robbery,[1] attempted commission of a felony while armed,[2] and violation of the 1935 Firearms Act.[3] However, prior to sentencing, the court expunged the finding of guilty under Count I (robbery) and entered a finding of guilty of the included offense of theft of property under the value of $100.00.[4] Pursuant to judgment, Wilson was sentenced for 364 days for theft; 10 years determinate for the attempted armed robbery, and 5 years determinate for the firearms violation.

At trial, the following facts were adduced:

James Leslie, an attendant at the Golden Imperial gasoline station at 5285 E. 38th Street in Indianapolis, testified that on January 9, 1972, at approximately 2:15 A.M., Wilson drove into the station and requested $6.00 worth of gasoline. As Leslie began to pump gasoline into Wilson's automobile, Wilson approached him with a snubnosed pistol and told him to go into the station. Leslie placed the pump on automatic, and entered the station, where Wilson demanded money. Leslie told Wilson that he had only $3.00, and that the evening receipts had been deposited in a night safe. Wilson, still holding the pistol on Leslie, refused the $3.00, and demanded that Leslie remain in a back room. A few minutes later, Wilson returned and instructed Leslie to wait on a customer. Leslie removed the nozzle from Wilson's automobile, and Wilson left the station without paying for $6.76 worth of gasoline.

Robert Green, Indianapolis Police Officer, testified that

1. IC 1971, 35-13-4-6, Ind. Ann. Stat., § 10-4101 (Burns 1956).
2. IC 1971, 35-12-1-1, Ind. Ann. Stat., § 10-4709 (Burns Supp. 1974).
3. IC 1971, 35-23-4-1, Ind. Ann. Stat., §§ 10-4734 to 51 (Burns 1956). The Act was repealed by Acts 1973, P.L. 333, § 5, and replaced by IC 1971, 35-23-4.1-1 et seq., Ind. Ann. Stat. §§ 10-4751a et seq. (Burns Supp. 1974).
4. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974); IC 1971, 35-17-5-12, Ind. Ann. Stat. § 10-3039 (Burns Supp. 1974).

the department received a robbery report at approximately 2:30 A.M. and that Wilson was apprehended in his automobile, which was fully described by Leslie, at 2:47 A.M. Near the scene of the arrest, the arresting officer (Officer Irish) found a snubnosed pistol which Leslie identified at trial as "exactly of [the] type" which Wilson used in the robbery. The arresting officer did not testify at trial, and there was considerable confusion regarding the location of the pistol when found. The pistol was not admitted into evidence.

Finally, Connie Morris, a supervisor in the Indiana State Police firearms licensing section, testified that she had made a search of the files which revealed that Wilson did not have a license to carry a firearm in Indiana.

At the close of the State's case, Wilson made a motion for discharge [more properly, a motion for involuntary dismissal under Ind. Rules of Procedure, Trial Rule 41(B)] alleging, *inter alia*, a fatal variance between the pleading of "money" in the affidavit and the proof of gasoline as the item or property taken.

Wilson then testified in his own behalf. In substance, Wilson admitted leaving the station without paying for the gasoline, but asserted that he argued with Leslie over his failure to have the exact purchase amount and ". . . then the dude—he was—had a cocky attitude and I had caught on, so I figured it wouldn't hurt him to wait 'til that morning, so maybe he'd cool off a little you know."

In the State's final argument, the prosecutor stated his agreement with defendant's counsel that "the State did not maintain its burden of proof on Count Number 3" (the firearms violation). Wilson then renewed his motion for discharge predicated on the variance issue.

Wilson perfects two issues for our consideration:

    a.  Was there a material variance between the pleading of "money" in the affidavit and the proof at trial of "gasoline" as the property taken?

b. Did the State fail to produce sufficient evidence to sustain a conviction of unlawful possession of a firearm when the firearm was never placed in evidence and when the prosecution abandoned the charge?

## I

## VARIANCE IS MATERIAL AND REQUIRES REVERSAL ON THEFT CHARGE BUT SUCH VARIANCE DOES NOT AFFECT CONVICTION FOR ATTEMPTED ARMED ROBBERY

Wilson complains of a variance, allegedly fatal, between the charging affidavit's averment in Counts 1 and 2 of taking "lawful money" and the proof at trial that he did in fact take gasoline but was unsuccessful in his attempt to take money. Obliquely, Wilson also argues that the variance amounts to a failure of proof of an essential element of the robbery and attempted armed felony offenses. The State seemingly agrees that a variance exists, but argues that it is immaterial. Further, the State contends that sufficient proof was adduced as to all essential elements of the offenses.

It is a fundamental tenet of pleading criminal causes that an affidavit of indictment "must state the facts and circumstances which constitute the offense charged with certainty and precision." *Kain* v. *State* (1954), 234 Ind. 160, 164, 123 N.E.2d 177, 179. *See also Patton* v. *State* (1962), 242 Ind. 477, 179 N.E.2d 867; *Robinson* v. *State* (1953), 232 Ind. 396, 112 N.E.2d 861. In *Sacks* v. *State* (1973), 157 Ind. App. 407, 300 N.E.2d 356, 358, the Court stated that:

> "It is elementary that each count of an indictment must be complete within itself and must state a public offense. (citation omitted). Facts constituting the crime must be directly and positively alleged in the indictment. [citations omitted]."

*See* Ind. Ann. Stat. § 9-1104 (Burns 1956) ; *repealed* by Acts 1973, P.L. 325, § 5. For present law *see* IC 1971, 35-1-16-1 to -3.1-1-19, Ind. Ann. Stat. §§ 9-901 to -21 (Burns Supp. 1974).

The requirement of precision in pleading criminal offenses has constitutional dimensions. Article 1, Section 13 of the Indiana Constitution requires that every defendant "shall have the right . . . to demand the nature and cause of the accusation against him. . . ." As our Supreme Court explained in *Large* v. *State* (1928), 200 Ind. 430, 432-33, 164 N.E. 263, 264:

> "It is the constitutional right of the defendant to demand the nature and cause of the accusation against him and to have a copy thereof. Art. 1, § 13, Constitution of Indiana; *McLaughlin* v. *State* (1873), 45 Ind. 338. In *Hinshaw* v. *State* (1919), 188 Ind. 147, 122 N.E. 418, it is said: 'The words "nature and cause of the accusation" have a well-defined meaning, and had such meaning at the time of the adoption of the Constitution. That meaning is that the gist of an offense shall be charged in direct and unmistakable terms. In passing upon the same provision of the federal Constitution in *United States* v. *Cruikshank* (1875), 92 U.S. 542, 557, 23 L. Ed. 588, the court said: "In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amend. VI. In *United States* v. *Mills,* 7 Pet. 142, this was construed to mean, that the indictment must set forth the offense 'with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged'; and in *United States* v. *Cook,* 17 Wall. 174, that 'every ingredient of which the offence is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.' " ' *See, also, Sopher* v. *State* (1907), 169 Ind. 177, 81 N.E. 913."

*See also Stirone* v. *United States* (1960), 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252; *Loveless* v. *State* (1960), 240 Ind. 534, 166 N.E.2d 864; *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N.E. 147.

The traditional rigor in reviewing the specificity and certainty of criminal pleading has been somewhat relaxed. The

Legislature[5] and the courts[6] now permit variances in the pleading of descriptive averments which are not material—in the sense of misleading the defendant—or essential to the offense charged. As commonly expressed, our courts now hold as in *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28, 31:

> "In *Payne* v. *State* (1970), 254 Ind. 100, 104, 257 N.E.2d 818, 821, we held that where there is a variance between the affidavit and the proof, it must have been of such a nature as to have misled the defendant in the preparation of his defense, or be of such a degree as to be likely to place him in double jeopardy."

In the instant case, however, we are faced with a variance in describing the property allegedly taken by Wilson. Generally, when property is the subject or object of criminal activity, the State must describe the property with exactitude in the affidavit or indictment. *Dobson* v. *State* (1972), 258 Ind. 655, 283 N.E.2d 771; *Kirk* v. *State* (1968), 250 Ind. 307, 235 N.E.2d 684; *McNamara* v. *State* (1932), 203 Ind. 596, 181 N.E. 512; *Thrasher* v. *State* (1843), 6 Blackf. 460. *See also* 2 Wharton's Criminal Procedure § 28, pp. 97-99 (12th ed. 1975) ; 1 Underhill's Criminal Evidence § 91, p. 206 (6th ed. 1973). In *Kirk* v. *State, supra,* the appellant was charged by indictment with theft of $2000 "in lawful United States currency"; the proof showed that appellant received a savings account check. The Court, in reversing the conviction, held:

> "The law in this state concerning grand larceny, as it refers to the description of money or property as charged in the indictment as being unlawfully or feloniously carried away may be stated as follows:

---

5. *See, e.g.,* Ind. Ann. Stat. § 9-1106 (Burns 1956) (statement of time) ; Ind. Ann. Stat. § 9-1110 (Burns 1956) (name of accused) ; Ind. Ann. Stat. § 9-1118 (Burns 1956) (averments of money) ; Ind. Ann. Stat. § 9-1127 (Burns 1956) (immaterial defects). In 1973, these provisions were repealed and replaced. See IC 1971, 35-1-16-1 to 35-3.1-1-19, Ind. Ann. Stat. §§ 9-901 to 921.

6. *See, e.g., Majors* v. *State* (1969), 252 Ind. 672, 251 N.E.2d 571 (ownership of property).

'. . . it shall be sufficient to describe such money, bills, notes or currency, simply as money, without specifying any particular coin, note, bill or currency. . . .' Acts 1905, ch. 169, § 187, p. 584, being § 9-1118 Burns' 1956 Replacement.

In *Hamilton* v. *State* (1877), 60 Ind. 193, the appellant had been indicted for grand larceny, was tried and found guilty. The indictment was for larceny 'of the lawful money of the United States'. Evidence of the larceny of notes issued by a national bank in this instance was held insufficient. The court in reversing the conviction said:

'The State, having alleged that the money stolen was of the money of the United States, was bound to prove the allegation as made'.

In *Morgan* v. *State* (1878), 61 Ind. 447, the court, in reversing the conviction held that where an indictment for larceny contains a particular though unnecessary description of the property alleged to have been stolen, by way of identifying it, the evidence must to warrant a conviction establish such description." 250 Ind. at 310-11, 235 N.E.2d at 686.

■ If a "check" is not "money", we fail to comprehend how "gasoline" could be "money". Wilson's conviction for theft is hereby reversed.

However, insofar as Wilson's argument on the variance issue relates to Count II of the affidavit which alleged armed robbery we affirm the conviction for attempted armed robbery.

In *George* v. *State* (1969), 252 Ind. 344, 247 N.E.2d 823, the court elucidated the essential elements of attempted armed robbery under Ind. Ann. Stat. § 10-4709 (Burns 1956) : "(1) an attempt to take (2) from the person of another (3) any article of value (4) by violence or by putting in fear (5) while armed with a pistol." 252 Ind. at 345, 247 N.E.2d at 823. In the instant case, the affidavit, in Count II, charged armed robbery of "lawful money"; the proof at trial, to which the conviction was made to conform, showed an attempt, while armed, to rob Leslie of money.[7]

---

7. It should be reiterated at this point that the instant case involves two distinct transactions: (1) the unsuccessful attempt to rob Leslie of money, and (2) the theft of gasoline.

This is sufficient. *George* v. *State, supra; Asocar* v. *State* (1969), 252 Ind. 326, 247 N.E.2d 679. The descriptive averment of the value of the property Wilson attempted to steal is immaterial. *See Perkins* v. *State* (1973), 261 Ind. 209, 301 N.E.2d 513; *Adams* v. *State* (1970), 254 Ind. 509, 260 N.E.2d 878. We do not perceive, nor has Wilson illuminated, how he was prejudicially misled in preparing his defense to this charge. *Adams* v. *State, supra.*

## STATE DID NOT DISMISS ILLEGAL POSSESSION OF FIREARMS CHARGE AND CONVICTION WAS VALID ON THAT COUNT ALTHOUGH WEAPON NOT IN EVIDENCE

Wilson complains of his conviction under Count III (illegal possession of a firearm) in that the prosecution ostensibly abandoned the charge. Wilson further argues that in order to sustain the conviction, the State must introduce the weapon into evidence.

At the close of Wilson's case, the prosecution made the initial closing argument and stated that "[b]ecause of the absence of Officer Irish to testify as to where the gun was actually found, I would agree with Mr. Pace—the State did not maintain its burden of proof in Count Number 3."

First, we do not believe that the prosecutor's comment amounts to a dismissal or abandonment of Count III. Ind. Ann. Stat. § 9-910 (Burns 1956) controlled the substance of prosecutorial dismissals, and states that "[n]o criminal case shall be dismissed except by order of the court on motion of the prosecuting attorney; and such motion must be in writing. . . ."[8] Furthermore, Wilson has demonstrated no prejudice occasioned by the statement.

---

8. Section 9-910, *supra,* was repealed in 1973, and replaced by IC 1971, 35-3.1-1-13, Ind. Ann. Stat. § 9-915 (Burns Supp. 1974) which provides, in part:

"Motion to dismiss by prosecutor.—(a) Upon motion of the prosecutor the court shall order the dismissal of the indictment or information. The motion may be made at any time before sentencing and may be made orally or in writing. The motion shall state the cause or reason for dismissal."

674

Second, it is generally held that even when a pistol is not introduced as evidence, the testimony of an eyewitness that the defendant was carrying a pistol in a place not his place of abode or business, and the testimony of the Supervisor of the Firearm's Licensing Section that the defendant did not have a license to carry a firearm on that date is sufficient to sustain a conviction of carrying a pistol without a license. *Thomas* v. *State* (1971), 256 Ind. 309, 268 N.E.2d 609; *Reed* v. *State* (1973), 157 Ind. App. 334, 300 N.E.2d 108.

The trial court's judgment on Count II (attempted commission of a felony while armed) and Count III (1935 Firearms Act) are affirmed, and the judgment on Count I (theft) is reversed, and the cause is remanded with directions that an acquittal be entered as to Count I and that appellant Wilson be discharged as to that count only.

Buchanan and White, JJ., concur.

NOTE.—Reported at 330 N.E.2d 356.

I.H. *v.* J.T.